JAMES H. SNYDER, Appellant, v. LLOYD I. SEAMAN, Respondent.

| 157 | 449 |
| 162 | 262 |
| 162 | 459 |
| 157 | 449 |
| f163 | 507 |
| j163 | 522 |
| 157 | 449 |
| f164 | 354 |
| a164 | 377 |
| 157 | 449 |
| 172 | ¹419 |
| 75 AD | ¹260 |

1. APPEAL — POWER OF APPELLATE DIVISION UPON REVERSAL — FACTS. The power of the Appellate Division, upon reversal, to award a new trial or grant to either party the judgment which the facts warrant (Code Civ. Pro. §§ 1022, 1317), has reference only to the conceded or undisputed facts or those found by the trial court or referee.

2. QUESTION OF LAW. The Appellate Division in determining, upon reversal, whether the complaint should be dismissed, or a new trial granted, is called upon to determine the legal liability of the parties upon conceded or found facts, which is a question of law.

3. PRESUMPTION OF REVERSAL UPON THE LAW — REVIEW BY COURT OF APPEALS. In a judgment of the Appellate Division reversing a judgment in favor of the plaintiff in an action for a partnership accounting tried by a referee, the statement that "it appearing that the defendant has fully accounted to the plaintiff for all moneys received by him and has not denied the plaintiff's interest in claims remaining uncollected, it is further ordered that judgment be entered for the defendant dismissing the complaint," does not free the case from the presumption in the Court of Appeals that the reversal was upon the law and not upon the facts

(Code Civ. Pro. § 1338), and that court is therefore authorized to review the judgment.

4. PARTNERSHIP ACCOUNTING — PERSONAL TAXES OF PARTNER. In an action for a partnership accounting, in which a decision of the referee in favor of the plaintiff had been reversed by the Appellate Division, presumably upon the law, *held*, that, upon the facts found by the referee, his conclusion of law that annual personal taxes assessed against the defendant, which had been paid out of the partnership funds and improperly charged to store expenses, should not have been charged against the firm, was correct.

*Snyder* v. *Seaman*, 2 App. Div. 258, reversed.

(Argued December 14, 1898; decided January 10, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 18; 1896, reversing a judgment of the late Court of Common Pleas for the city and county of New York in favor of the plaintiff, entered upon the report of a referee, and dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herbert M. Lloyd* for appellant. The partnership contract did not authorize the payment of the taxes as a debt or expense' of the firm. ( *Williamson* v. *Seely*, 22 App. Div. 391; *Schoonmaker* v. *Hoyt*, 148 N. Y. 431.)

*John W. Weed* for respondent. This court has no jurisdiction to entertain this appeal, because it involves the review of a question of fact, which clearly appears, in the record body of the judgment, as the basis of the reversal by the Appellate Division. (Code Civ. Pro. §§ 191, 1338.) The intent of the parties to include the defendant's personal taxes as a part of the expenses of the business under the copartnership agreement could properly be shown by the fact of the inclusion of such taxes in the expenses of the business, when the plaintiff shared in profits alone, immediately anterior to the agreement, and by their continued inclusion, with the consent of the plaintiff, after the agreement. (Jones on Com. & Trade Cont. § 45; *Schoonmaker* v. *Hoyt*, 148 N. Y. 431; *Ins. Co.* v.

*Dutcher*, 95 U. S. 273; *Woolsey* v. *Funke*, 121 N. Y. 87; *Nicoll* v. *Sands*, 131 N. Y. 19; *Briggs* v. *Groves*, 9 N. Y. Supp. 765; *U. P. R. R. Co.* v. *U. S.*, 99 U. S. 402; *Harrison* v. *Harper*, 1 Story, 574; *Stoops* v. *Smith*, 100 Mass. 63; *Sharp* v. *Rudebaugh*, 70 Ind. 547; *Collender* v. *Dinsmore*, 55 N. Y. 200.) The plaintiff is concluded by the annual statements of accounts, which he authorized and assented to, from claiming the taxes included in the balances then arrived at. (*Lockwood* v. *Thorne*, 18 N. Y. 285; *Harley* v. *E. W. Bank*, 76 N. Y. 618; *McClain* v. *Schofield*, 74 Hun, 437; *M. P. Co.* v. *Moore*, 104 N. Y. 680.)

HAIGHT, J. This action was brought for an accounting. On the first day of May, 1885, the plaintiff and defendant entered into written articles of copartnership for the purpose of dealing in butter, cheese and produce, as commission merchants, which continued until the 30th day of April, 1892. At the time of the dissolution of the copartnership, a dispute arose over the personal taxes assessed against the defendant in the city of New York for the years 1885 to 1891, inclusive, which had been paid out of the copartnership funds and charged to store expenses. There were other matters about which the parties differed, but they were finally adjusted, so that this action was prosecuted solely for the purpose of adjusting their differences with reference to the taxes. Upon the trial the referee found that the personal taxes assessed against the defendant for the years named were paid by the firm's money and charged on the books to store expenses, and that he was of the opinion, as he states in his decision, "that these taxes should not have been charged against the firm as part of the expense of carrying on the firm; that they were no part of such expenses. The defendant might as well have charged his living expenses. They were not within the spirit or the letter of the articles of copartnership, and, in fact, there is no evidence that these taxes were assessed solely upon the defendant's capital employed in the business, nor can it be rightly said that the plaintiff ratified the defendant's acts;

there is no consideration passing from the defendant to the plaintiff to uphold any claim of ratification ; I do not think that the yearly balances that were struck can be considered as an accounting between the parties." For the reasons stated, he ordered judgment in favor of the plaintiff for the sum of $576.75. Upon an appeal to the Appellate Division the judgment was reversed and the complaint dismissed, with costs. The judgment, after containing the usual recital, is as follows : " It is ordered that the said judgment is hereby reversed.

" And it appearing that the defendant has fully accounted to the plaintiff for all moneys received by him, and has not denied the plaintiff's interest in claims remaining uncollected, it is further ordered that judgment be entered for the defendant dismissing the complaint," etc.

The respondent claims that this is a reversal upon the facts, and that, consequently, we have no power to review the judgment. We do not so understand the order. Section 1338 of the Code of Civil Procedure requires us to presume that the judgment was not reversed upon a question of fact, unless the contrary clearly appears in the record body of the judgment or order appealed from. Upon again referring to the judgment by the Appellate Division it will be observed that it undertook to deal with two questions, *first*, whether the judgment should be reversed ; and, *second*, whether a new trial should be granted or the complaint dismissed. The first question it disposed of by ordering the judgment reversed without specifying whether the reversal was based upon the law or the facts ; then the court approached the consideration of the second question and states that it appearing that the defendant has fully accounted to the plaintiff for all moneys received by him, and has not denied the plaintiff's interest in claims remaining uncollected, it is ordered that a judgment be entered for the defendant dismissing the complaint.

The respondent contends that this is an express finding of the facts by the Appellate Division, directly the reverse of those found by the referee. We do not so construe the provision. In the first place, the Appellate Division sits as a

court of review and in no sense as a trial court. Under sections 1022 and 1317 of the Code it has the power upon reversal to award a new trial or grant to either party the judgment which the facts warrant, but this has reference only to the conceded or undisputed facts or those found by the trial court, so that the court, in determining whether the complaint should be dismissed or a new trial granted, is called upon to determine the legal liability of the parties upon conceded or found facts, which is and always has been a question of law. (*Benedict* v. *Arnoux*, 154 N. Y. 715.) As we understand the provisions in the judgment the Appellate Division considered the facts to be undisputed and that on such facts there was no liability in law on the part of the defendant to account to the plaintiff. We must, therefore, under the provisions of section 1338 of the Code assume that the reversal was upon the law and not the facts, and thus it becomes our duty to review the judgment, and, upon the facts as found, we think the conclusion of law was properly disposed of by the referee.

The judgment of the Appellate Division should be reversed and that entered upon the report of the referee affirmed, with costs in all courts.

All concur, except GRAY and MARTIN, JJ., absent.

Judgment reversed, etc.