JOHN H. SPELLMAN, as Temporary Receiver of the MUEHL-FELD & HAYNES PIANO COMPANY, Appellant, *v.* JARED J. LOOSCHEN, Respondent.

CORPORATION — JUDGMENT SUFFERED BY AN OFFICER WITH INTENT TO PREFER A CREDITOR — L. 1892, CH. 688, § 48 — REVIEW OF ORDER OF REVERSAL NOT STATED TO BE UPON THE FACTS. Where, in an action brought by a receiver of a corporation, appointed in proceedings for its dissolution, to set aside a judgment recovered against it, by default, as violative of the provisions of the Stock Corporation Law (L. 1892, ch. 688, § 48), avoiding a judgment suffered by an officer of an insolvent corporation with intent to prefer a creditor, it appears, both from the testimony of the creditor and that of the bookkeeper of the corporation, with its books before him, that, although the creditor had been for a year or more in the invariable habit of selling goods to the corporation on a credit of from two to four months, he sold it goods, as testified to by him and by the president of the corporation, upon the terms of immediate payment, five days before the corporation admitted its insolvency by its petition in the proceedings for a voluntary dissolution, and that, four days thereafter, he recovered, by the consent of the president, and under direction of the attorneys of the corporation in the dissolution proceedings, the judgment in question, a finding by the trial court that the purchase price of the goods was not due when the action was brought, and that both the creditor and the president knew it, should be sustained, and; with other facts in the case, justifies the inference that the judgment was suffered by the president "with the intent of giving a preference over other creditors," and where a reversal by the Appellate Division of said finding and the judgment in favor of plaintiff is not stated to have been made upon the facts, it must be presumed to have been upon the law, and, there being sufficient evidence to sustain the finding, the Court of Appeals may reverse the judgment as founded upon an error of law.

*Spellman* v. *Looschen*, 31 App. Div. 94, reversed.

(Argued January 15, 1900; decided March 20, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 18, 1898, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Delahunty* for appellant. The order of the Appellate Division appealed from does not state that the reversal was upon the facts, and, therefore, the presumption required by statute is that it was founded only upon errors of law, and the facts stand approved by that court. (*Petrie* v. *Trustees of Hamilton College,* 158 N. Y. 458; *Bomeisler* v. *Forster,* 154 N. Y. 229; Code Civ. Pro. § 1338; *Canda* v. *Totten,* 157 N. Y. 281.) It is shown by the testimony that the amount for which the action was brought by Looschen was not due at the time of the commencement of the action. (*Lopez* v. *M. & F. Nat. Bank,* 18 App. Div. 433.) The facts and circumstances make necessary the conclusion that Muehlfeld assisted Looschen in procuring the judgment and facilitated his efforts to procure it hastily, and it is, therefore, void under the Stock Corporation Law. (L. 1892, ch. 688, § 48; *Milbank* v. *de Riesthal,* 82 Hun, 537; *French* v. *Andrews,* 145 N. Y. 444; *Lopez* v. *M. & F. Nat. Bank,* 18 App. Div. 435; *Baker* v. *Emerson,* 4 App. Div. 348; *Olney* v. *Baird,* 7 App. Div. 96; *I. W. Co.* v. *Payne,* 11 N. Y. Supp. 408; *Braem* v. *M. N. Bank,* 127 N. Y. 508; *Kingsley* v. *F. Nat. Bank,* 31 Hun, 329.)

*Herbert H. Walker* for respondent. At the time Looschen began his suit against the Muehlfeld & Haynes Piano Company, on June 4, 1896, the whole of the plaintiff's claim against the company, as set forth in the complaint, was due and payable. (*Beatty* v. *Clark,* 44 Hun, 126.) The Muehlfeld & Haynes Piano Company did not suffer judgment to be taken against it within the meaning of section 48 of the Stock Corporation Law of 1892 for the purpose of enabling Looschen, by means of a judgment, to obtain a preference over the other creditors. (*Wilson* v. *City Bank,* 17 Wall. 473; *Milbank* v. *de Riesthal,* 82 Hun, 537.)

Landon, J. The Appellate Division did not state in its order that its reversal was upon the facts, and we must, therefore, assume that it was upon the law. The only question of law presented by the record for our review is whether the

learned trial court found, without evidence to support it, any fact material to the judgment.

The action was brought by the plaintiff, the receiver of the Muehlfeld and Haynes Piano Company, to set aside and have declared void a judgment recovered upon default in the City Court of New York, June 9, 1896, by the defendant Looschen against the Muehlfeld and Haynes Piano Company, a domestic corporation, for $1,008.49.

The complaint alleges that the judgment was obtained in violation of the provisions of section 48 of the Stock Corporation Law, chapter 688, Laws 1892, which provides that "no * * * judgment suffered, * * * by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation shall be valid," and adds that "Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void."

The trial court found that the judgment in the City Court was so obtained. The summons in that action was served upon the president of the corporation June 4, 1896. Indorsed upon the summons was an order of the chief justice of the City Court limiting the time of the service of the answer to two days. A petition for the voluntary dissolution of the Muehlfeld and Haynes Piano Company, signed by the president and Jack Haynes, two of the three directors of the corporation, verified June 4, 1896, was filed in the county clerk's office of New York June 5, 1896, and the usual order to show cause in said proceedings was made the same day. This exhibit shows the insolvency of the corporation. There is other evidence tending to show it.

The details of the transactions of the 4th of June admit of the finding that the attorneys of the corporation in the insolvency proceedings at the instance of the defendant Looschen and with the consent of its president, directed the proceedings which resulted in the judgment now sought to be set aside.

The trial court found that the sum of $411, of the amount

for which the defendant Looschen brought his action and recovered judgment, was not due at the commencement of the action, and that both Looschen and Muehlfeld knew it.

The learned Appellate Division held that this finding was without support in the evidence. We do not concur. The item was for goods sold by the defendant to the corporation May 31, 1896. The defendant had sold the corporation many bills of goods during the year or two of its existence. The bookkeeper of the receiver, with the books of the corporation before him, upon which this and the other sales were entered, testified without objection that the entries invariably showed a credit of from two to four months. The defendant and Muehlfeld testified that the bill of goods for $411 was sold upon the understanding that payment was to be made immediately in cash or good customers' notes. The defendant testified that his other sales to the corporation were upon a credit of from two to four months. The trial court, who saw the witnesses and heard their testimony, might find that Muehlfeld was discredited by the books of his corporation; and from the defendant's concession as to the credit given upon the other sales, and from the fact that he was a party in interest, that this sale was upon no less credit. The case is stronger against him if we give weight to the testimony of the bookkeeper, to which the defendant did not object.

As the learned Appellate Division did not reverse upon the facts, we must, in view of the evidence, abide by the decision of the trial court. The inference is permissible from this finding in connection with the other findings of fact, that the judgment was suffered by the president of the corporation " with the intent of giving a preference over other creditors of the corporation."

The order of the Appellate Division should be reversed and judgment of the trial court affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Order reversed, etc.