THE NATIONAL HARROW COMPANY, Appellant, v. E. BEMENT & SONS, Respondent.

1. APPEAL — WHAT QUESTIONS OF LAW REVIEWABLE ON APPEAL FROM JUDGMENT OF REVERSAL BY APPELLATE DIVISION ON QUESTIONS OF LAW.   Where an appeal is taken from an order and judgment of the Appellate Division reversing a judgment entered upon the report of a referee and ordering a new trial, without stating that the reversal was upon the facts, it must be presumed, under section 1338 of the Code of Civil Procedure, that the judgment was not reversed upon a question of fact, but upon the law, and the Court of Appeals can consider only three questions of law:

1. Whether a material error was committed in receiving or rejecting evidence.

2. Whether the conclusion of law is supported by the facts found.

3. Whether any material finding of fact is without any evidence to support it.

2. REFEREE'S OMISSION TO FIND MATERIAL FACT IN SHORT DECISION, UNDER SECTION 1022 OF CODE OF CIVIL PROCEDURE, CONSTITUTES NO ERROR OF LAW REVIEWABLE IN COURT OF APPEALS.   The omission of a referee, in a decision stating concisely the grounds upon which issues have been decided, under section 1022 of the Code of Civil Procedure, to find a material fact pleaded and conclusively proved on the trial, does not constitute an error of law which the Court of Appeals can review, whether such finding was requested and refused or not; since the legislature, in fixing the jurisdiction of the Court of Appeals to conform with the provisions of the new Constitution (Art. VI, § 9), intended to cut off, and has cut off, all possibility of a review of facts by that court whether under the guise of a review of law or otherwise.

*Nat. Harrow Co.* v. *Bement & Sons*, 21 App. Div. 290, reversed.

(Argued March 21, 1900; decided June 19, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 27, 1897, upon an order reversing a judgment in favor of plaintiff entered upon the report of a referee, and granting a new trial.

This action was brought to compel the defendant to account for harrows sold pursuant to two contracts, called licenses,

| | |
|---|---|
| 163 | 505 |
| a164 | 250 |
| f164 | 354 |
| 164 | 355 |
| j164 | 362 |
| f164 | 501 |
| s164 | 586 |
| 163 | 505 |
| f165 | 173 |
| f165 | 174 |
| f165 | 273 |
| 165 | 360 |
| 165 | 402 |
| j165 | 404 |
| j165 | 405 |
| j165 | 407 |
| 163 | 505 |
| 167 | 469 |
| 163 | 505 |
| 168 | 530 |
| 163 | 505 |
| 169 | ¹206 |
| 163 | 505 |
| 170 | ¹325 |
| 163 | 505 |
| 173 | ²413 |
| a186 US | 70 |
| a46 L-ed | 1058 |
| a22 SC | 747 |

dated April 1, 1891, to recover damages for sales alleged to have been made in violation of such licenses, and to obtain a judgment restraining the defendant from making further sales in contravention thereof.

The facts, so far as material, are stated in the opinion.

*Edwin H. Risley* for appellant. The amended order of the Appellate Division and the amended judgment founded thereon containing no statement that the reversal of the judgment was upon questions of fact, the reversal must be conclusively presumed by this court to have been made upon questions of law only. (Const. of N. Y. art. 6, § 9; Code Civ. Pro. § 1338; *Van Tassel* v. *Wood*, 76 N. Y. 614; *Davis* v. *Leopold*, 87 N. Y. 620; *Kane* v. *Kortesy*, 100 N. Y. 132; *Inglehart* v. *T. I. H. Co.*, 109 N. Y. 454; *Riendeau* v. *Bullock*, 147 N. Y. 269; *Otten* v. *M. Ry. Co.*, 150 N. Y. 395; *Trustees of Amherst College* v. *Ritch*, 151 N. Y. 282; *Bomeisler* v. *Forster*, 154 N. Y. 229; *Parker* v. *Day*, 155 N. Y. 383; *Snyder* v. *Seaman*, 157 N. Y. 449.) The facts found by the referee are controlling and every presumption is in favor of supporting the findings and judgment whether his report be held by this court to be separate findings of fact and conclusions of law, or whether it be held to be a decision. In either case the same presumption in favor of the correctness of the decision of the referee and of the sufficiency of the evidence to support the finding must apply. (*Snyder* v. *Seaman*, 157 N. Y. 449; *Petrie* v. *Trustees of Hamilton College*, 158 N. Y. 458.)

*Henry J. Cookinham* for respondent. The facts pleaded by defendant are either conceded by the plaintiff or are proved by evidence that is not contradicted. It was not, therefore, open to the referee to disbelieve this evidence. He must be deemed to have decided that the facts thus established constituted no defense in law. If the referee has found contrary to the conceded facts, or contrary to the undisputed evidence, it is error of law and reviewable here. (*Trustees of Amherst*

*College* v. *Ritch*, 151 N. Y. 282; *Bomeisler·* v. *Forster*, 154 N. Y. 229; *Parker* v. *Day*, 155 N. Y. 383; *Snyder* v. *Seaman*, 157 N. Y. 449.)

PARKER, Ch. J.   The printed case is not without indica-tions that the learned justice who wrote for the Appellate Division intended a reversal upon the facts, but through inad-vertence of the court in making or counsel in preparing the order of reversal, it does not show that the reversal was upon the facts, and hence this court is required by statute to pre-sume that the judgment was not reversed upon a question of fact, but upon the law.   (Code, section 1338.)   That section is in substantially the same form now as when the Code of Civil Procedure was enacted in 1876.   The amendment of 1895, to which reference will be made later, in nowise affected an order which did not state that the reversal was upon the facts.

In very many cases the court has been invited to review judgments where it was apparent that a mistake had been made in the order of reversal, but it has steadfastly adhered to the command of the statute and refused to sustain the judg-ment unless it appeared that there was an error of law upon which the General Term or the Appellate Division, as the case might be, could have rested its reversal.   Among these cases may be found the following: *Weyer* v. *Beach* (79 N. Y. 409); *Davis* v. *Leopold* (87 N. Y. 620); *Hannigan* v. *Allen* (127 N. Y. 639); *Furner* v. *Seabury* (135 N. Y. 50); *Mack* v. *Colleran* (136 N. Y. 617); *Riendeau* v. *Bullock* (147 N. Y. 269); *Bomeisler* v. *Forster* (154 N. Y. 229); *Snyder* v. *Seaman* (157 N. Y. 449); *Petrie* v. *Hamilton College* (158 N. Y. 458); *People* v. *Adirondack Ry. Co.* (160 N. Y. 225); *Gannon* v. *McGuire* (160 N. Y. 476); *Lannon* v. *Lynch* (160 N. Y. 483); *Spellman* v. *Looschen* (162 N. Y. 268); *Shotwell* v. *Dixon* (163 N. Y. 43).

Every one of the cases cited is consistent with the require-ment of the statute, and not only holds that the statute limits the court in such a situation to the review of questions of law

presented by exceptions, but the various questions of law which may be passed upon on such a review have 'been considered, and it has been decided that they are confined to rulings touching the admission and rejection of testimony; to the question whether the conclusion of law is supported by the facts found, and also whether any material finding of fact is without evidence to support it. Not only has the court in all the cases I have referred to failed to discover any other question of law than those just mentioned, but this court has said again and again, and very recently, as I shall soon point out, that there are no other questions of law which can arise in such a situation as this record presents. Before referring to the special discussion of this subject in the recent decisions of this court, attention is invited to°the fact that section 1338 as originally enacted had one more sentence than at present. The section formerly read as follows:

" § 1338. Upon an appeal to the Court of Appeals from a judgment, reversing a judgment entered upon a referee's report, on a decision of the court, upon a trial without a jury; or from an order granting a new trial, upon such a reversal; it must be presumed, that the judgment was not reversed, or the new trial granted, upon a question of fact, unless the contrary clearly appears, in the body of the judgment or order appealed from. In that case, the Court of Appeals must review the determination of the General Term of the court below, upon the questions of fact, as well as the questions of law."

Formerly, therefore, it was the duty of this court where there was a reversal upon the facts to review the questions of fact as well as the questions of law, but after the adoption of the new Constitution, which took effect January first, 1895, and which provided that the jurisdiction of this court " except where the judgment is of death, shall be limited to the review of questions of law," the legislature of that year, for the purpose of conforming the practice to the mandate of the Constitution, amended section 1338 by striking out the last sentence. When that was done the last vestige of the right of this court to review the facts of a trial had before a court or

referee, whatever the form of the order of reversal, was swept away. The authorities down to that time consistently held that the facts should not be reviewed save when the reversal was in terms upon the facts, as an examination of the cases cited above will show, and when that right was taken away by repeal of the provision authorizing such review it would seem that the Constitution and the statute together had securely barred our entrance to the record for the purpose of examining the evidence and determining what judgment such evidence calls for and deciding the appeal accordingly. The learned counsel now proposes that we shall do just that and nothing more. The proposition is presented differently, of course, and far more seductively, but reflection shows that the result aimed at is not and cannot be less than that. · If, in the absence of decision, there were room for argument as to whether the effect of the repeal of the provision of section 1338 authorizing this court to review the facts where there is a reversal upon the facts, was to invest the court with a power which it did not have at the time of such repeal, namely, the power to review the facts where the reversal was not upon the facts, it cannot be listened to now for that question has been otherwise decided, and, therefore, is no longer an open one.

The court has had before it since the amendment of 1895, a number of cases where the extent of the power of review in this court where the reversal of a referee or trial court is not upon the facts has been considered. In *Bomeisler* v. *Forster* (*supra*) the court, speaking through Judge GRAY, and after calling attention to the fact that the exception to the · decision made it the duty of the Appellate Division to review all questions of fact and law, stated the rule as to the effect of an order of reversal, which is silent as to its grounds, to be that this court is bound to presume that the reversal was upon questions of law. The opinion then proceeds to state the limit of our authority in such a case in the following words : " Our review is, therefore, *confined* to the consideration of whether, upon the decision made by the trial court upon the facts, the legal conclusion followed that the plaintiff was

entitled to the equitable relief awarded him and, if there was no error in that respect, whether there were errors of law com- mitted in the rulings upon the trial, which would, in any event, have justified a reversal of the judgment and rendered a new trial necessary." In that decision the facts were not separately stated, but it was what is known as a short decision, and the court considered the effect of its substitution for separate findings of fact and reached the conclusion that such a. decision has in its support the presumption that all the facts warranted by the evidence and necessary to support the judgment were impliedly found. In support of that proposi- tion the court cited the case of *Amherst College* v. *Ritch* (151 N. Y. 282). The case of *Petrie* v. *Trustees of Hamilton Col- lege* (*supra*) was a case where the referee's report was also general in form, and the court followed the decision in the *Bomeisler* and *Amherst College* cases in holding that all the facts war- ranted by the evidence and necessary to support a judgment in such a case were impliedly found by the referee, and it adopted the rule of the *Bomeisler* case as to the boundaries of the right of review in this court where the order of reversal does not state that it is upon the facts. The form of the decision was the same in *People* v. *Adirondack Railway Co.* (*supra*), and this court, following the cases already referred to, Judge VANN writing, said: " It must be presumed that all the facts warranted by the evidence and necessary to support the judgment were found by the Special Term, and that the reversal by the Appellate Division was based wholly upon errors of law, the facts standing approved by that court." This case was cited in *Gannon* v. *McGuire* (*supra*) in sup- port of the proposition, in which all of the court agreed, that "According to the order of reversal, the learned Appellate Division did not disturb the facts presumed to have been found by the trial court, which include all facts warranted by the evidence and necessary to support the judgment." And Judge O'BRIEN, in *Lannon* v. *Lynch* (*supra*), after referring to the requirement of section 1338 of the Code in a case where it does not appear in the order appealed from that the

judgment was reversed upon the facts, said: " There is no such statement in the order now before us. It simply states that there was a reversal and a new trial directed. We are commanded by the statute to *treat the decision as one not interfering with the facts found at the trial."* *Spellman* v. *Looschen (supra)* was a case in which the record disclosed no exceptions taken to the admission and rejection of testimony and where undisputedly the conclusion of law followed from the facts found and so Judge LANDON said: " The only question of law presented by the record for our review is whether the learned trial court found, without evidence to support it, any fact material to the judgment."

I have called attention to a sufficient number of cases to show not only that the form of the order is a familiar one in this court, and ofttimes the subject of consistent adjudication, but also that the form of the decision under review is not strange to this court, for it has received careful consideration, since the amendment of section 1338 of the Code in 1895, and the adoption of the new Constitution depriving this court of the jurisdiction to review facts with the exception therein provided, and such decisions have been almost universally made by a unanimous court, and, without exception, they deny the power of this court, in such a case as this, to search through the record for facts not in harmony with the referee's or the court's decision, and to incorporate them as facts into that decision in order to support a determination by this court that the conclusion of law of the referee was not supported by the facts found by him; and we should be governed by these decisions even if, according to our present view, they were not well considered, for they have been consistent with each other from the beginning, as the records, covering now more than half of the volumes of the decisions of this court, show.

It is true that in none of these cases did the court say that in a short decision an omission to find a material fact not requested does not present an error of law, and for the reason doubtless that in all the struggles to avoid the rigor of section

1338, it has never occurred to the minds of counsel before to press such a claim on the attention of the court. But when in various cases this court, as in the *Bomeisler* and *Petrie* and other cases, undertook to state the boundaries of our authority to review where the reversal is not upon the facts, and in express terms said that the only questions of law which we may review must relate to the admission and rejection of testimony, to the question whether the conclusion of law is supported by the facts found, or whether any material finding of fact is without any evidence to support it, we necessarily excluded the question under discussion, with all others not named; that is, we decided that certain questions can be reviewed and that no others can, and to the latter class belongs the alleged question of law which we are considering.

Assuming, however, for the sake of argument, that the question has never been decided — that it is as open for decision as if the dozens of cases which have been before this court during the last five years had never been decided, and it seems to me quite clear, to say the least, that it suggests no error in the decisions made. Now, in what does this alleged error of law consist? It is said to consist in the omission of the referee to find a material question of fact which was conclusively proved. If that constitutes an error of law, then in every case where the reversal is not upon the facts, the attention of this court will be invited to an investigation of the record to see whether some fact was not conclusively proved which does not appear in the decision, and it will be strange indeed if it cannot be found, whereupon the ingenuity of counsel will be exerted to convince us that it is a material fact. What then would be left of the command of section 1338 of the Code? Nothing, practically; for experience teaches that we should become investigators of the facts, and in cases such as this, where inferences of fact may be drawn from facts and circumstances proved, it will be argued that the fact was conclusively proved.

But passing the effect of such a decision, we come to a consideration of the question whether an omission to find a fact

not requested constitutes an error of law. The precise form in which the proposition is presented is as follows: " Where a fact is *pleaded and conclusively proved* on the trial, which is fatal to the judgment rendered, *the failure to find that fact* is an error of law for which the judgment is properly reversed by the Appellate Division as erroneous in law." There are several answers to this contention. One is that it cannot be legal error to omit to insert in a report of a referee, or in a decision of a trial court, a material finding of fact, the finding of which has not been requested, for the reason that *the statute explicitly asserts that this need not be done.* (Code, section 1022.) That section provides in terms that a court or referee may state separately the facts found and the conclusions of law, or may file a decision *stating concisely the grounds* upon which the issues have been decided. Clearly, it cannot be seriously contended, when the statute provides that the facts need not be separately stated, but that it is sufficient to state concisely the grounds upon which the issues have been decided, that an omission to find a material fact in a short decision constitutes error of law. In other words, that, in doing what the law expressly permits, error of law is committed by a trial court or a referee. In this case the referee filed a decision stating concisely the grounds upon which he decided the issues. In so doing, he conformed to the requirements of the statute, and whatever errors he may have committed in passing upon either questions of law or fact, he did not commit an error of law in omitting to incorporate into his decision every material finding of fact established conclusively or otherwise by the evidence.

There are still other answers to the contention made, one of which is that there is no exception which presents for our review any such question as that suggested. It is true that formerly it was held to be an error of law to omit to find a fact requested, when conclusively established, and that an exception taken to such a refusal presented an error of law for review in this court. But there is no such request here and no exception taken to a refusal to find, and furthermore

it never was the law in this state that an omission to find a fact *not requested* constituted error of law. The presentation of requests to find finally became so burdensome to the courts and so unfruitful in results that in 1894 section 1023 of the Code was literally swept away. Now, upon the happening of that event, the rule of law which had been builded by the courts, and subsequently incorporated into the Code, that a refusal to find a fact requested, which was conclusively established by the evidence, if excepted to, constituted error of law reviewable in this court, *either survived the repeal of section 1023 or passed away with it.* If the rule of law formerly in vogue survived the repeal of section 1023, then the law upon that subject is that a request for a finding must be made and refused and an exception noted in order to present a question of law for this court. Clearly no such thing happened in this case. If the rule of law formerly obtaining went out of existence with the repeal of 1894, it is as dead as the section repealed, and can no more be invoked in this court than the repealed section. It is my view that the repeal of section 1023, considered in connection with the repeal in the year following of section 993 and the various amendments to other provisions of the Code by chapter 946 of the Laws of 1895 (a chapter in part made necessary by the amendment to the Constitution affecting the powers of both this court and the Appellate Division), operated to wipe out of existence the practice touching the review of findings of fact in this court. The legislature was of the opinion that only radical measures could accomplish that result, and hence the absolute repeal of section 993, which read as follows: " Upon the trial of an issue of fact by a referee, or by the court, without a jury, a refusal to make any finding whatever, upon a question of fact, where a request to find thereupon is seasonably made by either party, or a finding without any evidence tending to sustain it, is a ruling upon a question of law, within the meaning of the last section." What possible purpose could the legislature have had in repealing that section except to take away from this court the temptation to follow in the beaten paths of

decision. Now, however, although the statute which it was supposed was our guide in such cases has been repealed, we are invited to go a step further than either the statute or the decisions ever went and hold that a mere omission to make a finding of fact, although not requested, constitutes an error of law reviewable in this court.

But I forbear further discussion of this question. The suggestion is also made that if it must be held that the effect of the amendment of section 1338, considered in connection with the repeal of section 993 and the various amendments made to other sections of the Code, was to prohibit the court from holding that a failure to find any material fact proved presents an error of law there is nothing to prevent the court from holding that a failure by the referee or trial court to give effect to a fact proved is an error of law. To my mind that suggestion needs no other answer than that during all the years that our system of practice has been developing this court has neither held nor said that a failure to give effect to a fact proved but not found constitutes error of law, but on the contrary has stated what the questions of law are that may be reviewed, and has thus excluded this and other alleged questions of law that may be hereafter evolved. Again, it is not pretended that under the practice existing prior to the repeal of section 993 there was any such rule of law in existence, but it is in effect argued that the right to say whether it was error to refuse to find a particular fact, having been taken away from this court, it should now be held that the result was to confer upon this court the right to examine the entire record, and if as a result we find that a certain fact was proved, which, had it been given effect, would have led to a different conclusion, we may hold that an error of law was committed. There is nothing in any amendment to the Code suggesting such a purpose on the part of the legislature. On the contrary, there is to be found therein conclusive evidence that the legislature intended to cut off all possibility of a review of facts by this court whether under the guise of a review of questions of law or otherwise. The Constitution that went into

effect January, 1895, sought to prohibit this court from review-
ing questions of fact, and to that end, in terms, limited the jur-
isdiction of the court to questions of law. It also provided
that the legislature might "further restrict the jurisdiction of
the Court of Appeals and the right of appeal thereto." In
the presence of this situation the legislature set about the
enactment of such legislation as should give effect to this new
policy of the organic law, which intended to make a court of
great dignity, consisting of five justices of the Supreme Court,
called the Appellate Division, the court of final review as
to all questions of fact and in many cases as to questions of
law as well. And as section 993 afforded the only statutory
opening through which this court could enter upon a review
wholly or partially of the evidence when the reversal of a
court or referee was upon the law, it was repealed — not
amended, but effaced from the pages of the Code. Other
amendments to various sections of the Code were made by the
same act (Chapter 946 of the Laws of 1895), but all that were
germane to this question tended in the same general direction.
I shall not stop, however, to analyze them, but content myself
with the assertion made as there is no room for controversy as
to the tendency of the amendments. Our duty in the prem-
ises is plain. It is to observe the boundaries of our jurisdic-
tion faithfully and thus to carry into effect the scheme which
the framers of the Constitution devised and the people
approved. And while thus observing them we shall have the
satisfaction of knowing that harm will not result to litigants
because we are prevented from reviewing facts, for section
1022 provides that "the Appellate Division of the Supreme
Court shall review all questions of fact and of law."

It may be that occasionally in the future as in the past effect
may not be given to the intentions of the court by the
draughtsman of the order or judgment, but the remedy is to
be found in an application to the Appellate Division to so
amend the order or judgment as to express the will of the
court, not in an appeal to this court to assume jurisdiction
over questions that have been advisedly taken from it.

We are unable to find in this record any errors of law upon which the Appellate Division could reverse the judgment, and as the form of the order requires us to assume that the reversal was had upon errors of law, we must reverse the judgment.

The judgment of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs.

CULLEN, J. (dissenting). This action is brought on two written agreements annexed to the complaint, under which the defendant obtained licenses from the plaintiff, which was the owner of certain patents, to manufacture patented articles, and in consideration thereof agreed to pay a stipulated royalty and to abstain from manufacturing other articles. The defendant answered, setting up, among other things, that the two license agreements declared on were a part of and made in pursuance of another agreement annexed to the answer, the purpose and object of which was to limit and control the production and market price of spring-tooth harrows in the United States, which contract, it was alleged, was illegal and void as in restraint of trade. The referee rendered judgment for the plaintiff, making the short form of decision authorized by section 1022 of the Code of Civil Procedure, in which he ignored the agreement set forth in the answer. The case states that it contains all the material evidence. On appeal, the Appellate Division reversed the judgment and ordered a new trial, but as the order does not declare that the judgment was reversed upon the facts, under section 1338, it must be assumed that it was based on errors of law alone. In my opinion, the defendant conclusively proved, by uncontroverted evidence, that the two agreements declared on by the plaintiff were made in pursuance of the prior agreement referred to in the answer and the written instruments construed together show an illegal combination. This was so held in *Nat. Harrow Co.* v. *Quick* (67 Fed. Rep. 130); *Same* v. *Hench* (76 Fed. Rep. 667); *Same* v. *Same* (85 Fed. Rep. 991). In the views expressed in those cases I entirely concur, but it would be

unprofitable to pursue the discussion in this respect, as the majority of the court hold that we cannot look into the record to see if the defendant has conclusively proved its defense, but are confined to the inquiry whether the facts found by the referee in his decision have the support of evidence, and if there is evidence to sustain them, whether they authorize the judgment rendered. From this view of the practice and the power of the court I am constrained to dissent.

The difference in opinion between the majority of the court and myself is occasioned by the repeal of section 1023 of the Code, and the amendment of section 1022, which authorizes the short form of decision. We all agree that the reversal by the Appellate Division in this case can be supported only for some error of law committed by the trial court. The difference between us is, as to what is an error of law. I think that where a fact is pleaded and conclusively proved on the trial, which is fatal to the judgment rendered, the failure to give effect to that fact is an error of law, for which the judgment is properly reversed by the Appellate Division as erroneous in law. Of course, if there is a conflict of evidence, or if the evidence admits of different inferences or the credibility of witnesses is involved, the question is one of fact and not of law ; also, of course, this rule applies only to issuable or traversable facts, and not to facts which are merely evidence from which the existence of other facts may be inferred. In the present case it is not necessary to go even to the extent stated, for the defense rests on uncontroverted documentary evidence. In determining the effect of the amendment of section 1022 and the repeal of section 1023, it is vital to bear in mind the distinction between questions of law and the practice that may be necessary to raise those questions on appeal. If an action is brought on a promissory note and the Statute of Limitations is pleaded, it can hardly be denied that the question of what limitation applies is one of law, and that an instruction that it requires the lapse of ten years to bar the claim would be erroneous. If no exception, however, were taken to the ruling of the trial court in this respect, the defendant would

be precluded from taking advantage of the point on appeal, not because the question was not one of law, nor because the ruling was not erroneous, but simply because he had not adopted the proper practice to correct errors.  It is a mistake to suppose that a failure to give effect to a defense or to a cause of action conclusively proved, was made an error of law solely by virtue of section 1023 of the Code.  On the contrary, the principle that where the facts concerning an issue which necessarily controls the disposition of a cause are uncontroverted, a question of law only, is presented, is as old as the maxim " *ad quæstionem facti non respondent judices, ad quæstionem legis non respondent jurartores*," a maxim, the Latin of which has been criticised but its doctrine in civil cases never impugned.  Under the old Code there was no statutory provision for requests to find, yet as early as *Pratt* v. *Foote* (9 N. Y. 463) it was said : " Where, however, there is no conflict of evidence and no dispute about the facts of the case, the conclusion to be drawn from these facts is a question of law."  In that case a judgment on a promissory note was reversed because the court was of the opinion that the facts proved amounted to a payment.  In *Mason* v. *Lord* (40 N. Y. 476) it was said by GROVER, J., " When it is the finding of a fact without any evidence, or the refusal to find a fact proved by uncontroverted evidence, it is a legal error which is available in this court."  It is conceded that the first proposition remains true to this day.  (*Shotwell* v. *Dixon*, 163 N. Y. 43.)  It is clear that the second proposition was equally true up to the time of the amendment of the Code referred to.  (See *Beck* v. *Sheldon*, 48 N. Y. 365 ; *Bryce* v. *Lorillard Fire Ins. Co.*, 55 N. Y. 244 ; *Koehler* v. *Hughes*, 148 N. Y. 507.)  It is true that in the early history of this court the practice was established that to take advantage of an error in failing to find a fact conclusively proved it was necessary that a request to find that fact should be made. But the request to find did not create the error of law ; it was merely prescribed as the proper way of raising the question of law upon appeal, and in this respect is analogous to an

objection and exception.   On this question the case of *People ex rel. Cornell S. Co.* v. *Dederick* (161 N. Y. 195) seems controlling.   In that case, which was a proceeding to review an assessment for taxation, the judgments of the Special Term and the Appellate Division were reversed in part, because it appeared by undisputed evidence that a portion of the indebtedness for which the relator claimed exemption was incurred for the purchase of the good will of another company.   There was no finding in the courts below of such a fact, but this court said per HAIGHT, J., "The testimony upon this subject is undisputed, and we are, therefore, of the opinion that a question of law is presented.   *   *   *   This testimony, we think, permits us to properly treat as a fact in the case that at least one-half of the increased bonded indebtedness created in 1893, to wit, $150,000, was contracted for the good-will of the business of the company then purchased by the relator."   Since the constitutional amendment of 1895 the jurisdiction of this court has been limited to the review of questions of law.   If it is the request to find and not the state of the proof that creates the question of law, I cannot see how this court could have modified the judgment, for, in the proceeding, there was no request to find, nor was any request permissible.   In these respects the condition of a special proceeding and that of an action where a short decision is rendered are the same.   Bearing in mind the difference between questions of law and questions of practice, as to the proper method of raising questions of law, we now come to the effect of the Code amendments.   By section 1022, " Whenever judgment is entered on a decision which does not state separately the facts found, the defeated party may file an exception to such decision, in which case, on an appeal from the judgment entered thereon upon a case containing exceptions, the Appellate Division of the Supreme Court shall review *all* questions of fact and of law."   If I am right in the view that it is the state of the proof and not the request to find that creates the question of law, then this provision would seem to give the Appellate Division ample power to reverse this judgment as

erroneous in law, provided the proof of the illegality of the contract was conclusive and uncontroverted. The general exception is by the Code made a substitute for all other methods of raising questions of law.

The repeal of section 1023 of the Code is not in conflict with these views. That section went beyond the state of the law at the time of its enactment. It made a new error of law; that is, a failure to pass upon and decide one way or the other a material question of fact, where the evidence was conflicting. (*James* v. *Cowing*, 82 N. Y. 450.) The repeal of the section only abolished the question of law which it had created. It does not affect a case where the proof is uncontroverted. If this action had been tried before a jury, as it well might have been, so far as the matter of damages is concerned, the defendant would, undoubtedly, have had the right, by a motion to direct a verdict in its favor, to have the question whether, upon all the evidence in the case, the illegality of the contract was not conclusively proved, decided as a matter of law. I do not think that it should lose that right because the case has been tried before a referee, nor do I believe that a change in the mode of trial from a court and jury to a referee or court alone, can transmute a question of law into one of fact. The practice which the court is about to establish by its decision in this case, I fear, may cause serious embarrassment to litigants, and in many instances deprive them of their rights. A defendant may set up in answer to a claim a discharge in bankruptcy, a general release, a prior adjudication or other matters which generally present only a question of law. If the referee in his short form of decision ignores these defenses because he holds them insufficient, there will be no possibility of review of the questions in this court, for, if such a decision presents a question of fact and not of law at the Appellate Division, it is equally so in this court, and this court has no jurisdiction to review questions of fact.

I do not think the dicta quoted from the long list of authorities cited by the appellant's counsel, that this court is

limited on appeal to an examination whether there is any evidence to support the finding of fact and whether those findings justify the conclusions of law, should control our decision. There are, at least, five recent decisions of this court in which statements are to be found in the opinions which, taken without reference to the cases then before the court, would seem to deny our power to examine the question whether there is any evidence to support the findings of fact. (*Bomeisler* v. *Forster*, 154 N. Y. 237; *Snyder* v. *Seaman*, 157 N. Y. 449; *Petrie* v. *Trustees of Hamilton College*, 158 N. Y. 463; *Farleigh* v. *Cadman*, 159 N. Y. 175; *Smith* v. *Syracuse Imp. Co.*, 161 N. Y. 489.) Yet there is no question but that this court has such power, except in case of an unanimous affirmance below. We have recently protested against the practice of excerpting expressions from judicial opinions and reading them without reference to the cases in which they were rendered, and have shown the errors to which such a practice may lead. (*Fealey* v. *Bull*, 163 N. Y. 397.) The statements in the various cases cited by the counsel for the appellant, as well as those cited in this opinion, were entirely justified, because they were made with reference to the questions raised by the records in the particular cases then before the court. If it be not permissible for a judge to make such an assertion without at the same time stating all the possible limitations and exceptions to the rule declared, the prolixity of judicial opinions, oftentime necessarily great, will become intolerable. Stability and uniformity in the administration of the law is to be obtained by adhering to the propositions actually decided or necessarily involved in the decision, not to dicta in opinions. I can find no case in which the question presented on this appeal has been decided.

I think the order of the Appellate Division should be affirmed and judgment absolute rendered for the defendant on the stipulation.

BARTLETT, J. (dissenting). I agree with the general reasoning in Judge CULLEN's opinion, but rest my vote in this case

solely upon the fact that the judgment entered herein on the report of the referee is contrary to the undisputed documentary evidence.

The situation here presented is made clear by a simple illustration : A. sues B. upon his promissory note ; the case is sent to a referee to try the issues, who finds the execution of the note, the amount alleged to be due thereon and orders judgment therefor.  On appeal the Appellate Division reverses on the law alone.  On further appeal to this court the record discloses that the defendant pleaded and proved a discharge in bankruptcy and a general release, both of which were in law a satisfaction of the note ; that the referee handed down the short form of decision, in which no reference was made to the documentary proof referred to, and the defendant filed an exception to the decision.  It thus appears that by pleading, proof and exception the defendant has availed himself of every remedy afforded by the Code of Civil Procedure.

If it be true that this condition of the record does not present a pure question of law, then it follows that the defendant is remediless and the Code of Civil Procedure cannot be too speedily amended.

GRAY, MARTIN, VANN and WERNER, JJ., concur with PARKER, Ch. J. ; CULLEN and BARTLETT, JJ., read dissenting memoranda.

Judgment reversed, etc.