ERNST HENKEN et al., Respondents, *v.* FREDERICK SCHWICKER et al., Appellants, Impleaded with Others.

PRINCIPAL AND AGENT — WHEN BROKER, WHO HAS SECURED A MORT-GAGE LOAN AND MISAPPROPRIATED THE MONEY, IS THE AGENT OF THE MORTGAGOR AND NOT OF THE MORTGAGEE. A mortgagor who, through the employment of a broker, secures a mortgage loan for the purpose of paying off existing mortgages on the same property, is liable to the holder of the new mortgage for the full amount thereof in an action to foreclose it, when it appears that the mortgagee, after the express assurance from the broker that the security would be a first mortgage, drew a check to the broker's order, which the latter deposited to his own account; that the mortgagor thereafter delivered the new bond and mort-gage to the broker, with instructions to pay off the prior mortgages out of the proceeds of the loan, and permitted him to retain the funds for that purpose, which the broker failed to do and appropriated the funds to his own use, since at the time of the misappropriation the broker was not the agent of the mortgagee, but of the mortgagor, and the latter must bear the loss entailed by his agent's dishonesty.

*Henken* v. *Schwicker*, 67 App. Div. 196, affirmed.

(Argued March 19, 1903; decided April 7, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 15, 1902, reversing a judgment in favor of defend-ants entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John A. Straley* and *Carl J. Heyser* for appellants. Schwicker went to Dreher as a real estate broker to procure a loan for a compensation, and as such the broker had but a limited authority to act for him. (4 Am. & Eng. Ency. of Law [2d ed.], 962; *Philster* v. *Cove*, 48 Mo. App. 455; *Duclos* v. *Cunningham*, 102 N. Y. 678; *Gilder* v. *Davis*, 137 N. Y. 504; *Condit* v. *Cowdry*, 139 N. Y. 273; *Brewster* v. *Carnes*, 103 N. Y. 556; *Crane* v. *Greenwald*, 120 N. Y.

274.) If it be assumed that Henken paid the money to Dreher as the agent of Schwicker, Henken certainly took the risk of the proper disposition being made of the money. (4 Am. & Eng. Ency. of Law, 965.) Under the well-established rule that when one of two persons must suffer from the act of a third person he shall sustain the loss who has enabled the third to do the injury, the decision of the Special Term was right, and that of the Appellate Division should be reversed. ( *Walsh* v. *H. L. Ins. Co.*, 73 N. Y. 5 ; *Tinson* v. *Allen*, 149 N. Y. 513 ; *Mc Williams* v. *Mason*, 31 N. Y. 294; *Argersinger* v. *McNaughton*, 114 N. Y. 540.) No other conclusion was proper than that reached by the trial court. (*Graves* v. *Mumford*, 26 Barb. 94; *Plass* v. *Brussi*, 21 Wkly. Dig. 562; *Josephthal* v. *Hyman*, 2 Abb. [N. C.] 22; *Lipman* v. *Noblit*, 194 Penn. St. 416 ; *Matter of Griffiths*, 9 Paige, 315 ; *Warwick* v. *Warwick*, 2 Atk. 294.)

*Andrew F. Van Thun, Jr.*, and *Walter G. Rooney* for respondents. When Schwicker learned that Dreher had in his hands the $3,200 and thereupon executed and delivered to Dreher the bond and mortgage to plaintiff for $3,200, paid to Dreher $200 out of this $3,200, and took his receipt therefor, and gave Dreher instructions to pay the prior mortgages, the $3,200 became the money and property of Schwicker, in the hands of Dreher as his agent; and Henken had then lost his right to reclaim or recall it from Dreher, on the theory that it was his property. The bond and mortgage became the *quid pro quo* for the money. ( *Williams* v. *Everett*, 14 East, 582 ; *Wyman* v. *Smith*, 2 Sandf. 331; *Lipman* v. *Noblit*, 194 Penn. St. 416.) The doctrine that when one of two innocent persons must suffer from a wrong he must bear the loss whose action enabled the wrong to be done, does not apply to this case. (*Rapps* v. *Gottlieb*, 142 N. Y. 164; *Marden* v. *Dorthy*, 160 N. Y. 39.)

WERNER, J. This action was brought to foreclose a mortgage for $3,200.00 given to the plaintiffs by the defendants.

Failure of consideration to the extent of $2,600.00 was alleged as a defense. The answer was accompanied by an offer to allow plaintiffs to take the usual judgment of foreclosure and sale for the sum of $600.00, interest and costs. This offer was refused by the plaintiffs. The learned trial court held with the defendants, and decided that the mortgage was a valid and existing lien upon the premises described in the complaint, only to the extent of $600.00, and interest from May 1st, 1899. The decision was in the short form. The learned Appellate Division reversed the judgment entered upon this decision. The order of reversal, being silent as to the facts, must be presumed to have been based solely on questions of law. (Code Civ. Pro. sec. 1338.) As there is no contest over the rulings of the trial court in the reception and rejection of evidence, there are only two questions open for review upon this appeal: 1. Is the finding of fact, upon which the judgment herein is founded, supported by any evidence? 2. Is the conclusion of law supported by the finding of fact? (*National Harrow Co.* v. *Bement & Sons,* 163 N. Y. 505.)

The plaintiff Ernst Henken and the defendant Frederick Schwicker are the only parties to the action who actively participated in the transaction out of which the controversy arose, and we will hereafter simply refer to them as plaintiff and defendant respectively. Since there is no conflict in the testimony adduced on behalf of the respective parties, the case really turns upon the inferences of fact and of law to be drawn therefrom.

The facts as established by the evidence are substantially as follows: On or about November 1st, 1892, the defendant was the owner of the lands described in the complaint subject to three mortgages for $1,600.00, $1,000.00 and $400.00 respectively, which were held by one Baker. At that time defendant was about to purchase a farm upon which he wanted to borrow $1,000.00. He applied to one Dreher, a real estate agent and broker, for two loans of $1,000.00 and $3,200.00 respectively, the first to be secured by mortgage upon the farm about to be purchased, and the second by a first mort-

gage upon the premises described in the complaint, out of the proceeds of which the three existing mortgages were to be paid off and discharged and Dreher, the broker, was to be paid the agreed commissions or compensation of $200.00. The loan of $1,000.00 has no bearing upon this controversy except as the final payment of the proceeds thereof by Dreher, to the vendor of the farm purchased by the defendant, throws a side light upon the relations of the parties who figure in this case. Dreher applied to the plaintiff for the loan of $3,200.00. The latter viewed the premises and, being satisfied with the security, said he would grant the loan if it was to be a first mortgage. Upon receiving assurances from Dreher that it would be a first mortgage the plaintiff signed and delivered his check for $3,200.00 to Dreher, payable to his order. Dreher indorsed the check and deposited the same in bank to his own account. At this juncture the defendant went to the office of Dreher to ascertain if he had the money on the loans. The defendant then signed the $3,200.00 bond and mortgage, his wife having previously signed the same. The question then arose as to the payment of the prior mortgages and here there is a trifle of indefiniteness in the testimony, because in one breath the defendant stated that he told Dreher to pay them, and in the other he testified that Dreher said he would have to hold the money to protect the plaintiff. Dreher testified that the defendant told him to pay the prior mortgages and the latter did not deny it. Dreher took the mortgage in suit, had it recorded, and later delivered the bond and mortgage to the plaintiff. None of the prior liens were paid by Dreher except the mortgage for $400.00, and this sum, together with Dreher's commissions of $200.00, constitutes the amount for which the mortgage in suit has been declared a valid lien. Dreher misappropriated the $2,600.00 in his hands, and the mortgages to Baker for that amount are still liens upon the premises described in the complaint. The plaintiff and the defendant never saw each other in the transaction and never met until after Dreher's misappropriation came to light. Then it was

discovered that the plaintiff, instead of having a first mortgage for $3,200.00, held only a third mortgage for that amount, and that the defendant, who supposed he was owing only $3,200.00 upon a single mortgage, was apparently owing $5,800.00 upon three mortgages. This situation naturally led each of the parties to attempt to throw upon the other the responsibility for the loss occasioned by the defalcation of Dreher, with the result, in the courts below, already referred to.

From the foregoing history of the case it is apparent that the final and narrow question is one of agency. Whom did Dreher represent at the time when he defaulted in this transaction; the plaintiff or the defendant? The categorical answer to this question depends upon a proper punctuation and analysis of the dealings between these three persons. It cannot be doubted that in the first instance Dreher, the broker, represented the defendant alone. Dreher's employment was to procure a loan of $3,200.00 upon the defendant's property. But, in the absence of more definite specifications, Dreher's commissions were earned when he had procured a lender ready and willing to make the loan. (*Duclos* v. *Cunningham,* 102 N. Y. 678; *Gilder* v. *Davis,* 137 N. Y. 504.) His general authority to negotiate the loan did not include the right to receive the money and apply it in payment of other liens that were to be paid. (Story on Agency, secs. 61, 106; *Higgins* v. *Moore,* 34 N. Y. 418.) Dreher was the defendant's agent, but only to procure the loan.

At this point there is a shifting of the parties. The plaintiff, having approved of the application for the loan, gave Dreher a check payable to his own order for the amount thereof. The defendant had not then executed the bond and mortgage to secure the loan, and the plaintiff in giving Dreher the check clearly made the latter his agent. Had Dreher then defaulted the loss would have been that of the plaintiff. This was the situation when Dreher and the defendant again met. The latter asked the former if he had the money for the loan, and, upon receiving an affirma-

tive reply, the bond and mortgage were executed and delivered. Had there been no prior liens to discharge, the defendant would have received the money on the loan and that would have ended the transaction so far as he was concerned. But there were prior liens to discharge, and the defendant, instead of making arrangements to do this himself, or having it done in his presence, either permitted or requested Dreher to do it. As the mortgage to the plaintiff was, concededly, to be a first mortgage, it was clearly the duty of the defendant to see that the prior liens were paid out of the proceeds of the loan, and when the latter acquiesced in Dreher's retention thereof for that avowed purpose, it amounted to an implied, if not an express, delegation of authority to Dreher to do that which it was the defendant's duty to do. If this conclusion is sound, it makes no difference whether Dreher announced that he would retain the money for the payment of the prior liens, or whether the defendant in express terms requested Dreher to do so. In either event Dreher was, for that purpose, the agent of the defendant and not the agent of the plaintiff. It may be remarked in passing, however, that the defendant's testimony to the effect that Dreher announced that he would retain the money for the payment of the prior mortgages, is not in conflict with the other uncontradicted statements of the defendant and of Dreher, that the latter was requested by the former to pay the prior mortgages. That is our view of the testimony, taken as a whole, and if it is correct, it follows that neither the finding of fact nor the conclusion of law arrived at by the trial court were warranted by the evidence in the case.

We do not think this is a case for the application of the principle that when one of two innocent persons must suffer from the act of a third person, he shall sustain the loss who has enabled the third person to do the injury. Dreher was either the agent of the plaintiff or the defendant when the wrong was committed from which the injury flows. It must be true, therefore, that he who was the principal at that time must sustain the loss. As Dreher represented each of the

parties during the various stages of the transaction, a brief recapitulation of their dealings will serve to focus the responsibility for Dreher's acts upon which liability must be predicated. 1. Dreher represented the defendant in the procuring of the loan. 2. Dreher represented the plaintiff in receiving the latter's check before the bond and mortgage were executed and delivered by the defendant. 3. Dreher again represented the defendant when the latter delivered the bond and mortgage to Dreher with instructions to pay off the prior mortgages. It thus follows that the defendant must bear the loss entailed by his agent's dishonesty.

The case is peculiar in its facts, and, as we have been referred to no authorities directly in point, it simply remains to cite one which is analogous to the case at bar and to differentiate one or two others which in the court below were thought to have some application. In the case of *Lipman* v. *Noblit* (194 Pa. St. 416) the vendor of real estate was required to pay off a mortgage on the land before he could demand the purchase money. He failed to do so before the vendee was ready to pay. It was thereupon arranged between the parties that the vendee should take the deed, and his attorney should retain the amount of the mortgage until it should be discharged, and then pay the money to the vendor. The attorney embezzled the money, and in an action by the vendor against the vendee to recover the unpaid balance of the purchase money, it was held that the defaulting attorney was the agent of the vendor, because the vendee had completed his part of the transaction, but the vendor had not, and the money was being held until he had performed his duty of discharging the incumbrance upon the land. In that case, it is true, there was a written statement signed by the attorney from which it appeared that he had received the money from the vendor and was holding it for him, but the fact was that the money was paid over to the attorney by the vendee, and the vendor was made to bear the loss because he had not done all that the contract required him to do. So, in this case, the mortgage to the plaintiff was to be a first mortgage. It could not be a first mortgage until

the prior liens were discharged. It was the defendant's duty to have them discharged. Hence, the money was held at his risk and he must bear the loss consequent upon Dreher's delinquency. The cases of *Graves* v. *Mumford* (26 Barb. 94) and *Plass* v. *Brusie* (21 W. Dig. 562), cited in support of the defendant's contention, are so different in their facts from the case at bar as to be readily distinguishable. In each of those cases the delinquent was the agent of the lender, who had knowledge of the existence of the prior liens. In the *Graves* case the agreement to pay off the prior lien, not then due, was part of the original contract of loan, and the retention, by the agent, of the lender's money for the very purpose of paying the prior mortgage when it became due, bound the lender to see that it was paid. In the *Plass* case the borrower wanted the prior liens paid and assigned to the lender as collateral security. The lender, who knew of these mortgages, told her agent that she must have a first mortgage and the agent said he would pay off the other mortgages. Upon the execution of the mortgage by the borrower the agent gave him a memorandum stating that the prior mortgages would be paid and assigned to the lender. One of them was so assigned, but the other was not and the agent failed to account for the money left in his hands. The court said, "this case is like the *Graves* case," and decided that the lender must bear the loss. All that was held in *Josephthal* v. *Heyman* (2 Abb. N. C. 22), also relied upon by the defendant, is that an attorney employed by a person about to make a loan of money, "to examine the title" of the premises upon which the mortgage is to be made, is not necessarily the agent of the person employing him, to receive money from the borrower to pay off prior liens and incumbrances, nor is the lender liable for the misapplication of the money so received by the attorney. Nothing further can profitably be added to the discussion, for this is one of those unfortunate cases in which no decision can be made without inflicting hardship upon an innocent party, but, under the principles by

which we think the issue must be controlled, we see no escape from holding the defendant responsible for the misdeeds of his recreant agent.

The order of the Appellate Division must be affirmed and judgment absolute awarded in favor of the plaintiffs upon defendant's stipulation, with costs to the respondents.

Parker, Ch. J., Bartlett, Haight and Cullen, JJ., concur; O'Brien and Vann, JJ., not voting.

Order affirmed, etc.