Jᴏʜɴ C. Sᴍɪᴛʜ *v.* Cʜᴀᴜɴᴄᴇʏ Rᴏᴡʟᴇʏ, Ex'r, &c., of Dᴇɴᴍᴀɴ Rᴏᴡʟᴇʏ, deceased.

Where, upon an agreement to sell and deliver a quantity of hops, the vendee agrees to advance $125 to pay pickers, and at the same time advances to the vendor that amount, and takes his note for the same, payable one day after the date thereof, the transactions may be treated as one and the same; and the note may be deemed a receipt for the money advanced.

Wʀɪɢʜᴛ, J. This was an action to recover damages for the breach of a contract to sell and deliver a quantity of hops. Rowley (the defendant's testator), for the price or consideration of 12½ cents per pound, agreed to sell and deliver to the plaintiff 5,000 pounds of hops, in merchantable order, at Palatine Bridge railroad depot, yearly, for three successive years, viz., on 15th October, 1860, 1861 and 1862, the plaintiff agreeing to pay the price on delivery, and further agreeing "to advance $125 to pay pickers." Rowley died on 24th September, 1860, before the time for delivery of the hops that year, as provided by the contract, and there was never any performance by the defendant as his representative, although a tender of the $125 was made to him in the years 1861 and 1862, with a request to perform, which he refused to do.

The referee gave judgment for the plaintiff, which was reversed by the General Term, on the ground that the stipulation of the plaintiff to advance $125 to pay pickers was a condition precedent to performance by Rowley, to be averred and proved by the plaintiff before he could maintain any action against the deceased or his representatives, and although performance of the condition was averred in the complaint, it was not proved on the trial or found by the referee.

I am inclined to the opinion that the stipulation "to advance $125 to pay pickers," was a condition precedent to be observed by the plaintiff before he could put the deceased, or his representatives, in default for a non-delivery

on the 15th October, 1860.   The contract was for the sale of a growing crop of hops, to be cleaned, picked and well cured, and to be delivered at a future day named.   The plaintiff was to *advance* the money, in other words, pay it to the seller before or in advance of the *delivery*, and the declared purpose of the advance was "to pay pickers," showing the intention of the parties that the money should be paid in time for that use.   As the process of picking was the first step to be taken after the contract, it seems evident that the parties did not intend that the seller should be required, by force of the agreement, to pick, dry, cure and deliver the hops, unless the purchaser should first comply with the condition by furnishing the means therefor.

But, is it true that the condition was not complied with by the plaintiff, and although performance was averred in the complaint, it was neither proved nor found by the referee?   It was averred in the complaint, and the fact put at issue, by an answer admitting the death of Rowley, in 1860, the probate of his will, and the appointment of the defendant as sole executor thereof, and generally denying all other allegations of the complaint.   The referee, after finding that the contract was made on the 9th of August, 1860, further finds that at the date of the agreement, the plaintiff let Rowley have the sum of one hundred and twenty-five dollars in money, and that Rowley then and there gave to the plaintiff his note therefor, dated 28th August, 1860, payable one day after date, for $125.   It further appeared in evidence (and this case is now open to review by us on the law and the facts), that Rowley, in speaking of selling his hops to the plaintiff, and whilst he was picking them, said, that at the time of making the contract, he had received of the plaintiff $125, adding, that he told Smith that he wanted to give him a receipt for it or indorse it upon the contract, but Smith said he would not do that, but wanted a note for the money.

In view of the finding and evidence, I cannot see how it can be claimed that the requirement of the agreement "to advance $125 to pay pickers," was not shown to have been substantially fulfilled.   The fact alone of letting another

have money, and taking from him therefor a negotiable promissory note, could not be construed into a payment upon an independent executory contract between the same parties. But that was not this case. Simultaneously with the making of the agreement, Smith let Rowley have $125 in money, the precise sum that he had stipulated to advance, and Rowley subsequently admitted, when speaking of his contract with Smith, respecting the hops, that he had received that amount of money from Smith.

The making of the agreement, letting Rowley have $125 in money, the precise sum that Smith was to advance to pay pickers, and giving the note for the same amount, were one and the same transaction, and I think furnishes strong evidence that it was intended by the parties that the money given by Smith to Rowley was to apply to the payment of the $125 to pay pickers, and that the note was in fact a receipt, although in form a note. The whole transaction between the parties shows that they both treated this advance of the $125 as applying on the contract, and for that reason Rowley never claimed another $125 from Smith. Besides, Rowley had the same right to apply it on the contract as he would have had if Smith had handed him that amount of money without taking either a receipt or note.

Upon the whole, I do not think that it can be affirmed as a truthful proposition, that the evidence did not prove, or tend to prove, that the plaintiff, in 1860, made " the advance to Rowley, of $125 to pay pickers," as required by the contract.

I am for reversal of the order.

All the judges concurring,

Judgment reversed.