BRIDGET LANNON, Appellant, *v.* FRANKLIN LYNCH et al., as Executors of DAVID HALL, Deceased, Respondents.

160   483
161   595
160   483
f163  507
e163  510
160   483
f164  354
f164  377

1. APPEAL — REVERSAL NOT STATED TO BE UPON QUESTION OF FACT. When. on appeal from a reversal by the Appellate Division in an action tried by a referee, it does not clearly appear in the body of the judgment or order appealed from that the reversal was upon a question of fact, the Court of Appeals, by force of section 1338 of the Code of Civil Procedure, must treat the decision of the Appellate Division as one not interfering with the facts found on the trial.

2. QUESTION OF FACT AS TO PURPOSE OF PROMISSORY NOTE. In a litigation between the parties to the transaction it may, under certain circumstances, be shown that a promissory note was in fact delivered for a purpose different from that appearing upon its face, or which the law will imply in the absence of explanation; and when this is permissible a question of fact arises.

3. UNWARRANTED REVERSAL, WITHOUT INTERFERENCE WITH FACTS FOUND — PROMISSORY NOTE AS A RECEIPT. A finding by a referee, within the issues and supported by evidence, on the trial of a claim against a decedent's estate, that the transaction on which the claim was based was a deposit of money by the plaintiff with the deceased, to be returned when the depositor should become advanced in years, and that promissory notes for the amounts deposited, given by the deceased to the depositor, payable on their face at certain fixed dates, were not necessarily, under the circumstances, to be considered as evidence of a loan payable according to the terms therein expressed, but should be treated as mere receipts for the

money, invalidates, in the Court of Appeals, the reversal by the Appellate Division, without stating in its order or judgment that the reversal was upon a question of fact, of a judgment in favor of the plaintiff, attacked by the defendant upon the ground that the notes, as such, were barred by the Statute of Limitations.

*Lannon* v. *Lynch*, 27 App. Div. 67, reversed.

(Argued October 13, 1899; decided October 27, 1899.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1898, reversing a judgment in favor of plaintiff entered upon the report of a referee, and granting a new trial.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Robert P. Harlow* and *M. P. O'Connor* for appellant. A written instrument or contract will be treated in law according to its real nature and not according to its mere form. (*Payne* v. *Gardiner*, 29 N. Y. 146.) The judgment should be upheld on the ground that the evidence establishes a novation, even conceding that the notes originally represented a loan, or rested on some other proper consideration. (Edwards on Bills & Notes [2d ed.], § 167; *Ballard* v. *Walker*, 3 Johns. Ch. 60; *Dearborn* v. *Cross*, 7 Cow. 48; *Fleming* v. *Gilbert*, 3 Johns. 528; *Erwin* v. *Saunders*, 1 Cow. 250; *Munroe* v. *Perkins*, 9 Pick. 298; *Gibson* v. *Doeg*, 2 H. & N. 615; *Johnson.* v. *Carpenter*, 7 Minn. 176; *Henderson* v. *Bartlett*, 32 App. Div. 435; *Hunt* v. *Patten*, 33 App. Div. 613; Whart. on Ev. [3d ed.] §§ 1284, 1320; *Payne* v. *Gardiner*, 29 N. Y. 146.) Conceding for the sake of the argument only, that the notes, and whatever demand or claim might rest on them, were wholly outlawed in April, 1895, at the time of the interview and transaction between David Hall and Mrs. Lannon, these old notes then constituted a good and sufficient consideration for an agreement. (*Cook* v. *Barr*, 44 N. Y. 156; *Henderson* v. *Bartlett*, 32 App. Div. 435; *Hunt* v. *Patten*, 33 App. Div. 613; Wood on Lim. [2d ed.] § 66; 3 Am. & Eng. Ency. of Law, 840; *Young* v. *Mackall*, 3 Md. Ch. Dec. 398; *Smith* v. *G. F. Ins. Co.*, 66 Barb. 556; 62 N. Y. 85; *Wetzell* v. *Bussard*,

11 Wheat. 309; *Shepherd* v. *Thompson*, 122 U. S. 231; *Sherwood* v. *Hauser*, 94 N. Y. 627.) The interview and transaction in April, 1895, between David Hall and Mrs. Lannon was an account stated, and the Statute of Limitations only ran from that date. (1 Am. & Eng. Ency. of Law [2d ed.], 442; 13 Am. & Eng. Ency. of Law [1st ed.], 766.)

*Francis B. Chedsey* for respondents. The decision of the referee that the promissory notes were intended to operate, not as evidence of a loan, but as mere receipts for the deposit of the money, was not supported by any evidence, and the defendants' exception was properly sustained. (*Long* v. *N. Y. C. R. R. Co.*, 50 N. Y. 76; *Van Bokkelen* v. *Taylor*, 62 N. Y. 105.)

O'BRIEN, J. The plaintiff presented a claim against the estate of one David Hall, who died on the 29th of May, 1895, leaving a will in which the defendants were named as executors. The claim was disputed and subsequently referred by agreement of the parties to a referee to hear and determine.

The plaintiff stated in her claim, which was verified, that on July 1st, 1873, she placed with the deceased the sum of $300, to be kept for her by the deceased, and returned or paid back by him to her when she became advanced in years; that subsequently she placed with him the further sum of $100, for the same purpose and to be repaid in like manner; that no part of the sum so deposited had been repaid, and that the whole amount, with interest, is due from the estate of the deceased. The case having been brought to trial before the referee, the plaintiff's counsel produced and put in evidence two instruments in the form of promissory notes, signed by the deceased, one dated July 1st, 1873, for $300, due in six months thereafter, with interest, and the other dated October 4th, 1873, for $100, due in twelve months thereafter, with interest. The deceased, in both instruments, promised to pay the sum therein mentioned to the plaintiff at the times therein specified. The plaintiff's counsel then called the plaintiff's daughter as a witness, who testified to a conversation between the deceased and the plain-

tiff about a month before his death, and at which the witness says she was present. As this testimony evidently had an important bearing on the case in the mind of the referee, it is perhaps important to give it in full as it appears in the record. The material part of it is in these words : " The conversation was that Mr. Hall began to speak about being sick in the first place, he passed a remark that he was about to die, and my mother asked him why he thought that. He says, I know I am going to die and I will go just like George. Q. Who was George ? A. My father. So after a short time my mother says to him, ' Dave, how about that $400 I gave you to keep for me till I would be old ? ' He says, ' What $400 ? ' She said, ' Is it possible that you forget about my $400 that I worked so hard for and gave to you to keep for me ? ' He said, ' I remember no $400.' And then I said to my mother, ' Why do you stand there arguing with him ? Why don't you go up stairs and get the papers and show him his signature when you gave him that money ? ' Then I said to my mother, ' I will go and get them for you.' And she says, ' No, I will get them myself.' So she went up stairs and brought down the notes and she says to him, ' Now, Dave, surely you remember your own signature,' and she says, ' Don't you remember,' she says, ' about being so mad about my not giving you all the money when I gave your brother Jimmie $200, and how angry you were because I didn't give it all to you ? ' He looked at her for a few minutes. ' Oh, crackie, yes,' he says — that is just what he said — ' Oh, crackie, yes.' He took the notes, and after he got through he handed them back to my mother, and she says, ' Now, Dave, I am glad you remember that, because I knew that money would come in useful when I was old,' and I passed a remark, ' You were better than a bank.' It came right to his memory as soon as she mentioned about his being angry about giving the other money to his brother. Q. Mrs. Murphy, speaking about the papers or the notes that you went up stairs to get and which were subsequently shown to Mr. Hall, are these papers which I now show you the papers that were brought from up stairs and shown Mr. Hall ? A.

They certainly are the very same papers. I know them a long while. Q. And were these the papers after which he had looked at and seen that he made the expression, 'Oh, crackie, yes?' A. Those are the papers."

This was substantially all the testimony given, and it was not changed in any material respect by the cross-examination. The defendants' counsel moved to dismiss the claim on the ground, among others, that it was barred by the Statute of Limitations. The referee reserved the case for further consideration and finally reported in favor of the plaintiff. He found as matter of fact that the transaction was a deposit of money by the plaintiff with the deceased, to be returned when she should become advanced in years, and that the notes were not necessarily, under the circumstances, to be considered as evidence of a loan payable according to the terms therein expressed, but should be treated as mere receipts for the money.

The learned Appellate Division has taken a different view of the nature of the transaction and has reversed the judgment for the plaintiff and granted a new trial.

The findings of the referee sustain his legal conclusions and if he erred at all it was in disposing of the facts. It was his province to weigh the testimony and to give to it such construction as it was fairly capable of. The learned Appellate Division had the right to review the judgment upon both the law and the facts, but unless the findings of fact made by the referee have been reversed they are still in the case and conclude this court, unless we can say that they are without any evidence to support them. It seems to me that we cannot say, as matter of law, that it was not open to the referee to take the view of the facts that he did. It may not have been the correct view and may very well be conceded that the other view, namely, that the transaction was a loan on time, is altogether the most probable, and hence the strongest.

It was competent for the Appellate Division to reverse upon the facts, and thus set the referee's findings of fact aside, but this court is confronted with the difficulty that it

has not done so, and the findings are still in the case. In a a litigation between the parties to the transaction it may, under certain circumstances, be shown that a note or other instrument, or security for the payment of money, was in fact delivered for a purpose quite different from that appearing upon its face, or which the law will imply in the absence of explanation. When this is permissible a question of fact arises, and that was the question which the referee had to determine in this case. (*Smith* v. *Rowley,* 34 N. Y. 367; *Baird* v. *Baird,* 145 N. Y. 659.) By section 1338 of the present Code, upon an appeal to this court from a judgment reversing a judgment entered upon the report of a referee, or from an order granting a new trial, on such reversal it must be presumed that the judgment was not reversed, or the new trial granted, upon a question of fact, unless the contrary clearly appears in the record body of the judgment or order appealed from. There is no such statement in the order now before us. It simply states that there was a reversal and a new trial directed. We are commanded by the statute to treat the decision as one not interfering with the facts found at the trial. Thus it often happens that judgments of the courts below come here in such form that they must be construed to mean something entirely different from what the court intended. It is quite probable that this is such a case. If we were permitted to disregard the statute and look into the opinion of the court, the ground of the reversal is made very clear; but the order and judgment are silent. When a party succeeds upon an appeal on the sole ground that the claim is barred by the Statute of Limitations, it is reasonable to expect that he will be vigilant in seeing to it that the order is entered in such form as to retain the advantages of the decision in his favor.

The order of the Appellate Division must be reversed, and the judgment entered on the report of the referee affirmed, with costs.

All concur, except GRAY and VANN, JJ., dissenting.

Order reversed, etc.