JOHN W. QUEEN et al., as Receivers of the WEAVER CYCLE MATERIAL COMPANY, Respondents, *v.* JOSEPH A. WEAVER, Appellant.

1. APPEAL — ORDER REVERSING UPON THE FACTS. The rule that, upon an appeal from an order of the Appellate Division reversing a judgment upon the facts and granting a new trial, the Court of Appeals will presume that the reversal was *not* upon the facts, unless the contrary clearly appears in the body of the order, is or ought to be familiar to counsel, and the failure of the respondent to have the order truly express the decision of the Appellate Division is at his peril.

2. PRESUMPTION OF REVERSAL UPON QUESTIONS OF LAW. Where such an appeal has been taken, although it is apparent that the reversal was upon the facts, if the order contains no statement to that effect it will be presumed to have been upon the law, and if the record discloses no errors of law, the reversal, although properly directed, cannot be sustained and the judgment of the trial court must be affirmed.

*Queen* v. *Weaver*, 38 App. Div. 628, reversed.

(Argued March 29, 1901; decided April 4, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 21, 1899, reversing a judgment in favor of defendant entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*G. L. F. Rohan* and *J. Van Vechten Olcott* for appellant.

*Byram L. Winters* for respondents.

O'BRIEN, J. The plaintiffs, as receivers of an insolvent corporation, brought this action against the defendant, one of the officers of the corporation, to compel him to account for the value of a large amount of the corporate property which was transferred to him when the corporation was insolvent, or contemplated insolvency, and in violation of section forty-

eight of the Stock Corporation Law. On the trial judgment was directed in favor of the defendant upon findings of fact to the effect that the property transferred to the defendant was so transferred in payment of a large debt due to the defendant by the corporation and to secure him for certain other large obligations that he had assumed for the corporation. There was no finding that at the time of the transfer, or before, the corporation was insolvent or contemplated insolvency, but, on the contrary, it was found that the corporate assets were largely in excess of all liabilities. There was no finding that the defendant had done any of the things forbidden by the Stock Corporation Law referred to. There was no fact found by the trial court to bring any of the transactions within any of the prohibitions of that statute, or to warrant a judgment for the plaintiffs. But the judgment was reversed on appeal and a new trial granted, and the defendant has appealed from that order.

It is quite apparent from the opinion of the learned court below that it did not agree with the trial court upon the facts, since it was of the opinion that upon the evidence in the record the corporation was either insolvent or contemplated insolvency when the transfer was made, and that the transaction was within the prohibition of the statute. We have no doubt that this conclusion was correct, and we would have no difficulty in affirming the judgment of reversal if we had the power. We are compelled to reverse it, however, solely on a question of practice which is frequently fatal in this court in cases where there has been a reversal below and a new trial ordered. The difficulty is that the successful party in the court below did not procure the proper order to be entered to secure against any appeal to this court the fruits of his success. This court is required by the statute in cases where there is a reversal and an order for a new trial to presume that the reversal was *not* upon the facts unless the contrary clearly appears in the body of the order appealed from. (Code Civ. Pro., § 1338.)

There is no statement in the order before us that the judgment of the trial court was reversed upon questions of fact.

Hence, the record by force of this statute represents the court below as deciding that the judgment at the trial was erroneous as matter of law and not as matter of fact. If we could find any error of law in the record raised by any valid exception we could sustain the reversal, but obviously there is none. The issue was one of fact, and the error of the trial court was not in the disposition of any question of law, but in the disposition of the facts. But the facts as found at the trial have not, in consequence of the form of the order, been touched or affected by the reversal. When the court below, by its order reversing the judgment and granting a new trial, does not reverse or set aside the findings of fact, they remain as the findings conclusive in the case, and then the only questions are whether they sustain the legal conclusion of the trial judge, and whether the record presents any exceptions raising any other question of law. We have frequently called attention to the importance of the form of the order in cases brought here after reversal below and the direction of a new trial. The appellant had the right in this court to challenge his opponent to point out some error of law appearing in the record for which the judgment in his favor at the trial could have been reversed. The plaintiffs are compelled by the statute to accept the findings of fact made at the trial when the decision of the court permitted them to be set aside by a proper order.

But the order entered does not touch the facts as found. On the contrary, it represents the court as affirming the facts so found, and as reversing the judgment on some question of law. We have no doubt that the order does not truly express the action of the court, but the statute determines its legal effect, and we must either disregard the statute or assume that the court below made a decision which in fact it did not make, but, which the statute declares as matter of law that it did make. It frequently happens, therefore, that appeals of this character have to be decided in this court contrary to the real merits of the case, for the sole reason that the order does not truly express the real judgment of the court below, but under

the mandate of the statute misrepresents the decision as actually made. If the order in this case expressed the decision of the court below as made, then it would not be reviewable at all in this court, since we have no power now to review an order reversing the judgment of the trial court and granting a new trial upon the facts. In such a case the remedy of the defeated party is to take the new trial. But here the legal import of the order is that the judgment was reversed upon the law, and that is the only reason that enables the defeated party to come to this court. We have often called the attention of counsel upon the argument to the danger to which a respondent is exposed in this court when the order is in the form of the one now before us, in order to give him an opportunity to have the order amended, so as to truly express the decision of the court below. We have not always been successful in impressing upon counsel the danger of such a situation, and as the practice is, or ought to be familiar to counsel, it is not apparent why the court should always be expected to interfere with the regular course of the argument by pointing out the danger. (*Snebley* v. *Conner*, 78 N. Y. 218; *Livingston* v. *City of Albany*, 161 N. Y. 602.)

In this condition of the record there is nothing that this court can do but to reverse the order of the Appellate Division, with costs, and affirm the judgment of the Special Term.

PARKER, Ch. J., GRAY, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Ordered accordingly.