ARTIE F. RICHARDS, Individually and as Administratrix
with the Will Annexed of GEORGE C. PORTER, Deceased,
Appellant, *v.* WELLS FARGO EXPRESS COMPANY et al.,
Respondents.

Appeal — opinion of Appellate Division properly before Court
of Appeals for consideration — when cause will be remitted to
Appellate Division for purpose of making finding of fact and
amending its order so as to specify question of fact upon which
reversal was made.

1. Under the provision of section 1237 of the Code of Civil Pro-
cedure requiring that the opinion of the Appellate Division "shall,
for the purposes of the appeal, be deemed to be a part of the judg-
ment roll or appeal papers," such opinion is properly before this
court for consideration.

2. Where it appears from the opinion that the Appellate Division
has determined a question of fact involved, although no finding as
to it has been made either by that court or the Special Term, and
the form in which the Appellate Division has entered its order and
judgment fails to give legal effect to the determination which it
made, the cause will be remitted to the Appellate Division for the
purpose of making a finding of fact in accord with its determina-
tion and in order to enable it to amend its order and judgment so
as to specify the particular question of fact upon which the reversal
was made.

Reported below, 156 App. Div. 268.

(Argued May 13, 1915; decided June 18, 1915.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered May 7, 1913, upon an order reversing a judg-
ment in favor of plaintiff entered upon a decision of the
court on trial at Special Term, directing a dismissal of
·the complaint and also directing that the plaintiff turn
over to the defendant Wells Fargo Express Company
for cancellation a certain certificate of stock.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*Robert M. Boyd, Jr.*, for appellant. The judgment of the Appellate Division is not based upon any findings of fact. (Code Civ. Pro. § 1317; *Bonnette* v. *Molloy,* 209 N. Y. 167.)

*A. S. Gilbert* for respondent.

SEABURY, J. This action is brought to obtain an adjudication that the shares of stock of the Wells, Fargo Express Company represented by certificate No. 7,380, were the property of George C. Porter at the time of his death and that the plaintiff has now the legal title thereto. In addition to this relief the plaintiff seeks to compel the defendant corporation to make appropriate transfers upon its books and to issue to her a new certificate of such shares and the additional shares representing stock dividends which have been issued thereon and that the other defendants be required to account to her for such moneys as have been received by them or either of them, on the assumption that said original shares of stock were the property of Albert G. Porter. Without reciting in detail the facts found by the Special Term, it is sufficient to point out that this action involves the question whether the certificate of stock referred to was the property of George C. Porter, from whom the plaintiff claims to have derived her title, or the property of Albert G. Porter, from whom the defendant Catherine C. Porter claims to have derived her title. The claim of the plaintiff rests upon the single circumstance that several years after the death of George C. Porter the certificate indorsed in blank by Albert G. Porter was found in a box containing papers which George C. Porter had shipped from the home of his mother in Vermont to his home in New Jersey. George C. and Albert G. Porter were brothers and lived with their mother in the family homestead in Vermont. Upon the death of their mother the house was closed and the two brothers separated and went to live in different places. It was upon the occasion

of this separation that the certificate was, together with certain personal effects, shipped by George C. Porter to his home in New Jersey. From June 30th, 1884, to November, 1889, dividends upon the shares represented by the certificate were paid to Albert G. Porter and thereafter for 18 years and until the death of Albert G. Porter in March, 1907, the defendant Dorst collected and received dividends on said shares on behalf of Albert G. Porter and transmitted them to Albert G. Porter. At no time between November, 1889, and March, 1907, did George C. Porter or any other person other than Albert G. Porter make any claim to said certificate or the shares represented by it. No proof was offered to show that George C. Porter ever knew that he had possession of this certificate and the findings of fact made by the Special Term tend to negative such an inference. The Appellate Division left the findings of fact made by the Special Term undisturbed, reversed the conclusions of the Special Term and dismissed the complaint. The Appellate Division in its opinion reviewed the facts referred to above and the other circumstances specified in the findings of fact and concluded that the certificate of stock was the property of Albert G. Porter at the time of his death. In its opinion it is said that this " is a case of presumption against presumption and we think that, upon all the facts, the presumption that the stock remained the property of Albert G. Porter until his death far outweighs the presumption that it has been transferred to George C. Porter and was his property when he died." The appellant contends that the fact that George C. Porter died possessed of the certificate of stock in question, indorsed in blank by Albert G. Porter, raises a presumption of ownership in George C. Porter and that this presumption was not overcome by the other circumstances proved and establishes conclusively that George C. Porter was the owner of the certificate. In support of this contention numerous extracts from adjudicated cases are called to our attention which

23

assert that delivery is to be presumed from the fact of possession. These statements are doubtless correct in reference to the particular facts involved in the cases from which they are taken. Where similar facts recur, doubtless the same conclusion would be reached, but where different groups or combinations of facts are presented their legal effect is to be determined after due consideration of all the accompanying circumstances. The question as to the ownership of this certificate of stock is one of fact. The determination as to its ownership is to be made upon a consideration of all the evidence adduced and the inferences and probabilities that naturally and logically arise from it, rather than by the application of artificial rules and a nice balancing of one so-called presumption against another. Upon reviewing the evidence, the Appellate Division concluded that Albert G. Porter and not George C. Porter was the owner of the certificate in dispute. There can be no doubt that there is evidence to sustain this conclusion. The difficulty in the way of disposing of the case in the form in which it comes to this court is that while the opinion of the Appellate Division indicates clearly that it determined the question of fact involved, the order and judgment reversing the judgment entered at the Special Term do not specify that the reversal was upon the facts. If we were to determine the case upon the order and judgment appealed from in their present form, the statute (section 1338 of the Code of Civil Procedure) would require us to assume that the court below made a decision which in fact, its opinion shows it did not make. The legal import of the order and judgment of the Appellate Division in their present form is that the judgment of the Special Term was reversed upon the law, whereas the opinion of the Appellate Division shows that in truth it reversed the Special Term upon the single question of fact which is the only issue involved in this case. The Special Term did not make any finding as to the fact of

ownership, but did find the evidential facts from which it inferred that George C. Porter owned the certificate. As the findings of fact made by the Special Term consisted only of evidential facts it was unnecessary for the Appellate Division in its view of the evidence to reverse any finding that had been made. The Appellate Division, however, omitted to make any new finding of fact as to the ownership of the certificate and awarded judgment in favor of the defendants. Such a judgment could only be rendered in the event that the Appellate Division concluded that the plaintiff did not prove that George C. Porter was the owner of the certificate or that Albert G. Porter was the owner of the certificate. No finding as to the fact of ownership of the certificate of stock was made either by the Special Term or by the Appellate Division. The inference of ownership which arose from the evidential facts found was an inference of fact, not a conclusion of law, and a finding of fact upon this subject should have been made. We have before us, therefore, not only a judgment which is not supported by any finding as to the single issue of fact in dispute, but the form in which the judgment and order of the Appellate Division are expressed fail to give legal effect to the determination which the opinion of the Appellate Division shows that it made. It has several times been pointed out by this court that "it often happens that judgments of the courts below come here in such form that they must be construed to mean something entirely different from what the court intended." (*Lannon* v. *Lynch*, 160 N. Y. 483, 488; *Queen* v. *Weaver*, 166 N. Y. 398, 400.) Before the recent amendment to section 1237 of the Code of Civil Procedure, which required that the opinion of the Appellate Division should, for the purposes of appeal, be deemed to be a part of the judgment roll or papers on appeal, this court was precluded from examining the judgment or order appealed from in the light of the opinion of the Appellate Division. (*Lannon* v. *Lynch*,

*supra.*) In view of that amendment the opinion of the Appellate Division is now properly before us for consideration. From that opinion it appears that the Appellate Division determined the question of fact involved. No finding as to this essential fact has been made by the Special Term or the Appellate Division. The form in which the Appellate Division has entered its order and judgment fails to give legal effect to the determination which it made. Under these circumstances the cause should be remitted to the Appellate Division for the purpose of making a finding of fact in accord with its determination, and in order to enable it to amend its order and judgment so as to specify the particular question of fact upon which the reversal was made.

I advise that the cause be remitted to the Appellate Division so that it may make appropriate findings to support the judgment which it rendered, and to amend its order and judgment so as to specify the particular question of fact upon which the reversal was made.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN and MILLER, JJ., concur.

Ordered accordingly.