J. WOODWARD CLARIS, Respondent, *v.* J. ERNEST RICHARDS et al., Defendants, and JACOB H. LEVANTINE, Appellant.

420

(Argued December 13, 1932; decided January 10, 1933.)

*Alan Fox* and *I. Bernard Halpern* for appellant. It was error for the trial court to base its decision upon a theory directly contrary to the theory upon which the case was tried. (*Wright* v. *Delafield*, 25 N. Y. 266; *Wells* v. *Fisher*, 237 N. Y. 79; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316; *Fox Film Corp.* v. *Hirschman*, 234 N. Y. 55; *Vannier* v. *Anti-Saloon League*, 238 N. Y. 457.) Assuming that plaintiff had the right to shift his theory of recovery, the judgment should be reversed for failure of proof. Plaintiff failed to prove that he retained any property right in the stock and hence was not entitled to recover the proceeds of such stock as against defendant. (*Schlesinger* v. *Gans*, 113 N. Y. Supp. 96; *Erlanger* v. *Sprung*, 113 N. Y. Supp. 16.)

*H. H. Breland* and *D. N. Cook* for respondent. Plaintiff's unsuccessful attempt to prove fraud did not preclude him from proving any other facts within the pleadings and the judgment resting upon such other facts properly conforms to the pleadings and the proof. (*Roberts* v. *Ely*, 113 N. Y. 128; *Minchin* v. *Minchin*, 157 Mass. 265; *Weil* v. *Boston Elevated Ry. Co.*, 218 Mass. 397; *Kelly* v.

*Insurance Co.*, 3 Wis. 254.) Since the plaintiff admittedly owned the stock on the day before its sale, the presumption is that such ownership continued down to the time of the sale unless this presumption is overcome by evidence to the contrary. . (*Matter of Perry*, 129 App. Div. 587; *Gaston & Co.* v. *All Russian Zemsky Union*, 221 App. Div. 732; *United States* v. *Massachusetts B. & I. Co.*, 207 App. Div. 619.) Assuming that the burden rested upon the plaintiff to show that his indorsement and delivery of the stock were not done with intent to pass title, the defendant cannot raise this objection since he objected on the trial to the introduction of evidence offered by the plaintiff to show the intent with which he indorsed and delivered the stock in question. (*Walsh* v. *N. Y. C. R. R. Co.*, 204 N. Y. 58; *Roche* v. *Nason*, 185 N. Y. 128; *Fogarty* v. *Bogart*, 43 App. Div. 430; *Kramer* v. *Grant*, 60 Misc. Rep. 109.)

POUND, Ch. J. The plaintiff in this action was the owner of 800 shares of American Radiator Company stock. He indorsed the stock certificate in blank, delivered it to a branch manager of the Marine Trust Company in Buffalo, who forwarded it to Chase, Reade & Co., a brokerage firm in New York, and subsequently he received from his bank registry mail receipts for the stock, signed by Chase, Reade & Co. Subsequently one Bentley, an officer of Chase, Reade & Co., delivered the certificate to Louis Kaiser & Co., a Stock Exchange firm, which sold the stock for Bentley's account at Bentley's direction. The proceeds were forwarded to the defendants comprising the copartnership of Richards & Co. Those defendants paid Bentley $10,000 and at his direction credited the balance to the appellant Levantine. The credit given Levantine was in part payment for a sale of whisky, sold by him to Bentley.

The sum of $14,000, a part of the proceeds of the sale, having been traced into the hands of Richards & Co., this action was started to recover the amount as having

been received to and for the use and benefit of the plaintiff. Richards & Co. obtained an order interpleading Levantine and deposited the balance of $14,000 remaining in its hands to the credit of Levantine with the Chamberlain of the city of New York, and the action as against Richards & Co. was discontinued.

Under the plaintiff's pleading it was proper for plaintiff to attempt to prove fraud or money had and received in any other form. (*Roberts* v. *Ely*, 113 N. Y. 128, 131, 132.) At the trial plaintiff attempted to establish fraud. Counsel for the plaintiff stated in one place: " I want to show the fraud of this whole transaction." Again he said: " I desire to prove that it was taken from us by fraud," and again: " We are suing to get back the proceeds of the sale of property out of which we were *defrauded by a house known as Chase, Reade & Co.*"

Fraud implies that plaintiff was induced to part with title through false representations. (*Weigel* v. *Cook*, 237 N. Y. 136, 141.) The decision is that title never passed from plaintiff. The plaintiff succeeded in proving that the stock was indorsed, delivered to the bank and received by Chase, Reade & Co., but he was not allowed to show his instructions to the bank, this testimony having been excluded over defendants' objections. It somewhat nebulously appears that plaintiff entered into a contract with Chase, Reade & Co. for the purchase of certain Pacific Gas Company stock and delivered the Radiator Company stock with other stock for cash in payment for the gas company stock, but the only substantial proof is that plaintiff indorsed and caused his stock to be delivered to Chase, Reade & Co., and that the defendants, for a debt of Bentley's, obtained credit for $14,000 out of the sale price.

In this state of the evidence, plaintiff, having failed to establish fraud, the court found as a fact that at the time of the sale of the Radiator Company stock by Kaiser & Co., plaintiff was the owner of said stock, and as a further

fact, that at the direction of Bentley, Richards & Co. credited the proceeds to the extent of $14,000 to Levantine in payment for rye whisky, theretofore delivered to Bentley by Levantine. It found as conclusions of law that the sale by Kaiser & Co. for the account of Bentley was unauthorized, wrongful and in violation of plaintiff's rights; that an antecedent debt for whisky sold and delivered is not a valid and legal consideration and that the plaintiff's right and title to the proceeds is superior to that of the defendant Levantine. The court adjudged to plaintiff the amount on deposit with the Chamberlain.

Plaintiff may recover on this record, if at all, upon a basis of his ownership of the stock at the time of the sale.

This he proceeds to establish by seeking to invoke a presumption of the continuance of ownership. (Wigmore on Evidence [2d ed.], § 2530.) In *Richards* v. *Wells Fargo Express Co.* (215 N. Y. 351, 355) stock certificates had, as in this case, been indorsed in blank by the owner and were thereafter found in the possession of another. This court said: " the inference of ownership which arose from the evidential facts found was an inference of fact, not a conclusion of law, and a finding of fact upon this subject should have been made." Such a finding of fact has been made in this case in plaintiff's favor in these words: " At the time of the sale of said 800 shares of American Radiator Stock, as aforesaid [Kaiser & Co. for the account of Bentley], plaintiff was the owner of said stock," although this finding was based on the presumption of continued ownership only.

A claim of ownership of the stock having been thus made it is contended by the respondent that no presumption arises on the other evidential facts that plaintiff intended to transfer title to Chase, Reade & Co. for the reason that the indorsement and delivery of the stock certificate was equally consistent with other possibilities besides that of transfer of title, *i. e.*, that it was for collateral or for sale in the open market; that the burden was, there-

fore, on the defendants to show the purpose of the transfer and that defendants, in any event, cannot raise the objection that there is no proof of retention of title since they objected on the trial to the introduction of evidence offered by the plaintiff to show the intent with which he indorsed and delivered the stock in question, and as such evidence was excluded on defendants' objection, they should not be permitted to profit by their objection to the very proof which the plaintiff sought to make. (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58, 65, 66.)

No presumption arising from ownership was relied on at the trial. Plaintiff sought to make out a case by offering evidence showing that he had parted with ownership. Now the court is asked to take a presumption not relied on at the trial and add to it the suppositional evidence which was excluded in order to support a finding of continued ownership and intention to retain ownership. The argument that a case may now be built up in this rococo fashion seems specious. The exclusion of evidence cannot be made to serve a Janus-like purpose.

The conduct of the trial court which tried the case on the theory of fraud and rendered a decision on another theory which was not distinctly and fairly litigated, is at best a departure from the strict rules of pleading and proof. (*Wright* v. *Delafield*, 25 N. Y. 266, 270.) In the ordinary administration of justice, the judgment should follow the proofs, although the pleadings may, by mutual consent, be disregarded on the trial. Assuming, however, that by the liberalization of the rules of practice we may say that no error was committed by shifting the theory of recovery after the trial, the only reasonable inference from the offer of the excluded evidence is that plaintiff was seeking to produce evidence to prove fraud and that the evidence, if admitted, would tend to establish an intent to deliver title to the stock. This would shift to defendants the burden of going on with the case on this

point. The plaintiff failed to establish any cause of action.

The judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.