ADOLPH ROTHBAUM, Plaintiff, *v.* R. H. MACY & Co., INC., Defendant.

Supreme Court, Special Term, Queens County, June 12, 1951.

*Emil Greenberg, Sol A. Herzog, Matthew L. Salonger* and *Abraham Sarason* for plaintiff.

*Thomas M. Green, Kenneth M. Spence, Donald B. Smiley* and *Julius J. Teller* for defendant.

CONROY, J. The plaintiff owns and operates a local retail drug store in Queens County, New York. The defendant owns and operates a department store in the county of New York with branches elsewhere in the metropolitan area, including one in Jamaica, Queens County. This action is brought to enjoin the defendant from advertising, offering for sale or selling at retail within the city and State of New York the following

articles enumerated in paragraph TWELFTH of the complaint: Brandreth Pills, Ex Lax, Wild Root Cream Oil Hair Tonic, Griffin Shoe Cream, Silent Night Toilet Water, Lorphyn Jelly, Detecto Bath Scale, Estivin, Pertussin (4 oz.) and Jealousy Concentrate, bearing the trade mark, brand or name of the owners, producers, wholesalers or distributors thereof, at less than the prices established in certain contracts entered into by them with retailers within the State of New York and for other incidental relief, including damages.

All of the products enumerated above are alleged to be commodities which were made, distributed and sold within the State of New York and are subject to agreements entered into pursuant to article XXIV-A of the General Business Law, commonly referred to as the "Fair Trade Law." While the plaintiff is a signatory to at least one of such fair-trade contracts, the defendant is a party to none of them.

The complaint alleges that on May 29, 1951, the defendant " did wrongfully, knowingly and wilfully advertise, offer for sale and sell " said articles " at prices substantially lower than those respectively established " in said fair-trade contracts; that such sales were not made for the purpose of closing out the defendant's stock of said products for the purpose of discontinuing delivery thereof, or because said products were damaged or deteriorated in quality, nor were such sales made by an officer acting under the order of any court. It is further alleged that the defendant, its servants, agents and employees, continues to sell, offer for sale and advertise said products below the minimum prices of the same as established in the aforesaid fair-trade contracts, and as a result numerous customers of the plaintiff have refused and continue to refuse to purchase said articles from the plaintiff who has complied with all the terms, provisions and conditions thereof; that unless the defendant is restrained from continuing the foregoing practices, the plaintiff will suffer irreparable damage for which he has no adequate remedy at law.

The plaintiff has now moved for an order restraining the defendant during the pendency of this action from selling the products enumerated in the complaint below the fair-trade prices fixed in the aforesaid agreements. The defendant by cross motion has challenged the legal sufficiency of the complaint. In the alternative, it seeks an order directing the service of an amended complaint which shall state and number separately the alleged multiple causes of action now claimed to be set forth in the one cause of action alleged in the complaint.

The court is of the opinion, assuming the truth of the allegations of the plaintiff's complaint and giving the pleader the benefit of every favorable inference to be drawn from the facts alleged, that the complaint states a good and sufficient cause of action within the meaning of sections 369-a and 369-b of the General Business Law of the State of New York. Section 369-a provides for the price fixing of certain commodities, excluding, however, stated situations from its operation. Section 369-b permits the enforcement of price fixing contracts " at the suit of any person damaged " by one who " wilfully and knowingly " advertises, offers for sale or sells " any commodity at less than the price stipulated in any contract entered into pursuant to the provision of section three hundred sixty-nine-a, whether the person so advertising, offering for sale or selling *is or is not a party to such contract* ". (Italics supplied.) The motion to dismiss the complaint is accordingly denied as is also the alternative motion to separately state and number alleged multiple causes of action.

As to the plaintiff's motion for a temporary injunction, no useful purpose will be served in detailing the facts constituting the claimed violations of the fair-trade contracts here involved, nor the reasons why irreparable injury to the plaintiff has resulted and will continue unless the defendant is enjoined pending the trial of this action. It will suffice to state for the purpose of the decision about to be made that proof of the violations is abundant and irreparable injury to the plaintiff — past and threatened — clear. The basic question to be determined here is the applicability of the recent pronouncement by the Supreme Court of the United States in *Schwegmann Bros. v. Calvert Distillers Corp.* (341 U. S. 384).

In the above-cited case, the court held that fair trade contracts entered into between producers or distributors and retailers are not, under the provisions of the Miller-Tydings Act (U. S. Code, tit. 15, § 1), enforcible against a retailer in respect to transactions in interstate commerce who has not entered into an agreement prescribing a minimum resale price. On the other hand, the act, which was enacted in 1937 as an amendment to section 1 of the Sherman Antitrust Act (26 U. S. Stat. 209), provides in material part that " nothing herein contained shall render illegal, contracts or agreements prescribing minimum prices for the resale " of specified commodities when " contracts or agreements of that description are lawful as applied to *intrastate transactions* " allowed by State law. (Italics supplied.) Thus, if the transactions complained of in

the instant case may be classed as interstate commerce, then, under the decision in the *Schwegmann* case the defendant, as a nonsigner of the fair-trade contracts relied upon by the plaintiff, is not subject to the sanctions provided by State law for their violation. If, however, the transactions in question occurred in intrastate commerce, the defendant, although not a party to the price-fixing contracts, was guilty of unfair competition within the meaning of said local law and subject to the suit here brought by the plaintiff, who has been damaged by such unfair competition. (Cf. *Bristol-Myers Co.* v. *Picker,* 302 N. Y. 61, and *Bourjois Sales Corp.* v. *Dorfman,* 273 N. Y. 167.) In other words, where State law binds nonsigners in commerce which is intrastate in character, State law applies.

The papers establish that the products in question were manufactured in New York, sold to the defendant in New York, resold by the defendant in its stores in New York and the subject of fair-trade contracts entered into in New York. There is thus a sufficient showing of transactions which are intrastate in character to permit the sanctions authorized by State law (General Business Law, § 369-b). The sale of the products involved below the minimum prices fixed by said contracts having been established and the likelihood of irreparable harm to the plaintiff flowing therefrom made clear, the court is of the opinion that a case for a temporary injunction has been made out. The fact that the manufacturers or distributors of the products involved may or actually do sell like products to retailers in other States does not alter the intrastate character of the transactions between this defendant and such manufacturers or distributors or the resale of such products by this defendant in New York.

The motion for the temporary order herein sought is therefore granted upon the plaintiff furnishing an undertaking in the sum of $1,000.

Settle order on notice.