ADOLPH ROTHBAUM, Plaintiff, *v.* R. H. MACY & Co., INC., Defendant.

Supreme Court, Special Term, Queens County, March 29, 1952.

*Emil Greenberg, Matthew Salonger, Abraham Sarason, Lewis L. Fawcett* and *Bernhardt M. Meisels* for plaintiff.

*Kenneth M. Spence, Donald B. Smiley, Julius J. Teller* and *Thomas G. Green* for defendant.

PETTE, J. Plaintiff, the owner and operator of a retail drugstore in this county, has brought this action to enjoin the defendant, the owner and operator of a department store in the county of New York, with branches elsewhere in the metropolitan area including one in Jamaica, Queens County, to enjoin it from willfully and knowingly advertising, offering for sale or selling at retail in the State of New York ten pharmaceutical items at prices less than established in fair trade contracts covering such products (General Business Law, § 369-a *et seq.*).

A temporary injunction was granted on June 12, 1951 (199 Misc. 890), and a motion to punish the defendant for selling products which the defendant had purchased outside the State and had sold and offered to sell within the State below the fixed prices was thereafter denied by the Justice who granted the preliminary injunction (N. Y. L. J., July 9, 1951, p. 45, col. 6).

The case was tried upon an agreed statement of facts, which was duly stipulated in writing by the attorneys for the respective parties. It was there agreed that the facts stated in regard to the laxative " EX-LAX ", one of the products named in the complaint, would be determinative and binding with regard to the remaining nine products enumerated in the complaint and that this court may make a decision with respect to the ten products named in the complaint based upon the findings with respect to the product " EX-LAX ". The stipulation further provides that either party may object to the relevancy of any of the facts agreed to in the stipulation.

" Ex-lax " is manufactured by a New York corporation at its place of business in Brooklyn, New York. Its manufacturer has, pursuant to the Fair Trade Law of the State of New York, entered into agreements with many retail dealers, including the plaintiff, in the State of New York, all in the same form, establishing the minimum retail price for the product.

On or about May 28, 1951, and at various times prior thereto, the defendant had due notice of the existence of these fair trade agreements and of the minimum retail resale prices stipulated therein for the product in question. On or about May 28, 1951, the New York Pharmaceutical Association Fair Trade Committee gave written notice to the defendant of the fair trade retail resale price established under the foregoing fair trade agreements, yet at about the same time the defendant, at its department store located in Manhattan, within the State of New York, offered " EX-LAX " for sale at nine cents below the minimum retail price established by the fair trade agreement. Such sales were not made for the purpose of closing out the defendant's stock of " EX-LAX " or to discontinue delivery thereof, or because the product was damaged or deteriorated in quality, nor were said sales made by an officer acting by an order of any court.

These sales, urges the plaintiff, were purely intrastate transactions outside the reach of Federal law, and New York non-signers are bound by the fair trade agreement which the manufacturer of " EX-LAX " made with the plaintiff and other retailers in New York.

The defendant argues, on the other hand, that the Federal prohibition against price restraint of nonsigners is applicable in the case of " ᴇx-ʟᴀx " because its manufacturer sells the product throughout the United States and maintains uniformly fixed prices throughout the country, which it attempts to enforce against signers and nonsigners alike, and also because the producer and the defendant are engaged in interstate commerce, and because the interstate business of both, as well as the interstate business of their competitors is necessarily affected by the intrastate transactions involved herein and by the price restraint sought to be enforced here.

It is also urged by the defendant that the ingredients used in the manufacture of " ᴇx-ʟᴀx " are imported from outside the State of New York. However, it must be obvious that the parties to this action were not dealing with ingredients but with the end product — the laxative " ᴇx-ʟᴀx ". This product was manufactured in New York, sold to the defendant in New York, resold by the defendant in its stores in New York, and the subject of fair trade contracts entered into in New York. If this is not intrastate commerce, then that term is meaningless.

I find that the transactions complained of were entered into in intrastate commerce, and, therefore, the defendant, although not a signatory to the fair trade agreement, was guilty of unfair competition and must suffer the sanctions provided by State law (General Business Law, § 369-b). *Schwegmann Bros.* v. *Calvert Corp.* (341 U. S. 384) is distinguishable from the case at bar on its facts, for there an interstate marketing arrangement was involved.

The plaintiff has, pursuant to the stipulation, objected to the relevancy, competency and materiality of any and all of the facts set forth in paragraphs 11, 13, 15, 16, 17, 19, 24, 26 and 27; the facts in paragraph 12, except so much thereof as alleges " at all times herein mentioned Ex Lax, Inc. was and still is a party to fair trade agreements entered into in the State of New York with 5,460 retail dealers in the State of New York establishing the minimum retail resale price of Ex-Lax; " the facts set forth in paragraph 14, except so much thereof as alleges " and said Ex Lax Inc. requested all dealers including those who signed as well as nonsigners within the State of New York to abide by the fair trade agreements made within the State of New York with retail dealers in the State of New York pursuant to the laws of the State of New York; the facts set forth in paragraph 20, except so much thereof as provides for the advertising within the State of New York; the facts set forth in paragraph 22.

except subdivision " e " wherein this defendant operates its five stores at Herald Square, Flatbush, Jamaica, Parkchester and White Plains.

The facts thus objected to are claimed to have no bearing on the issue to be determined here, on the ground that the transactions set forth in the complaint are wholly intrastate. I am of the opinion that that objection is well taken. The issues tendered by the plaintiff in his complaint did not embrace the facts to which objection has been made. It is elementary that a recovery must be upon the facts pleaded (*Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220, 225). " Where a party has chosen to plead the acts for which he seeks to hold his adversary, he must abide by his allegations unless relieved by amendment." (*McCarthy* v. *Troberg*, 275 App. Div. 139, 142.) Courts have no right to create new issues nor to grant judgments on grounds not in issue. (*Wright* v. *Delafield*, 25 N. Y. 266, 270; *Claris* v. *Richards*, 260 N. Y. 419; *International Photo Recording Machines* v. *Microstat Corp.*, 269 App. Div. 485, 491.)

The plaintiff has established the facts pleaded in the complaint and is entitled to the injunctive relief therein prayed for, with the costs and disbursements of the action.

This memorandum will constitute the court's decision under section 440 of the Civil Practice Act.

Settle judgment on notice.