■ EILEEN McCONVILLE, as Administratrix of the Estate of WILLIAM J. BRETSCH, Deceased, Respondent, v. GERTRUDE BRETSCH, Appellant, et al., Defendant.— In an action for an accounting and other relief, defendant Gertrude Bretsch, the widow of plaintiff's intestate, appeals (as limited by her brief) from so much of an interlocutory judgment of the Supreme Court, Kings County, entered as of December 1, 1959, after trial before the court without a jury, as directed her to account for certain moneys transferred by the intestate from a personal savings account to an account jointly maintained in the names of himself and his wife. The Special Term found that such transfer was authorized for the limited purpose of enabling appellant to pay the expenses of the intestate's illness. It further appears that four days prior to the intestate's death the appellant transferred the moneys in question from the joint account to another maintained in her own name, in trust for her daughter, in the belief that it would be easier for her to get the money out of the depository bank if title thereto was in her name during the period of intestate's impending death. Judgment insofar as appealed from affirmed, without costs. No opinion. Ughetta, Christ, Pette and Brennan, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: In the first cause of action pleaded in the complaint, upon which respondent recovered judgment, it was alleged that appellant had withdrawn the entire balance on deposit in a savings bank account in the intestate's name, without his authority and knowledge. On trial it was established beyond question that the withdrawal had been authorized by the intestate and was made with his knowledge; and the trial court so found. Appellant was held liable, however, on the theory that the money had been withdrawn for a specific purpose and that, in violation of her duty in the premises, appellant had diverted it from the purpose for which it was intended. That was not the theory upon which respondent sought recovery. In this case there was no occasion for the exercise of equitable jurisdiction, since on the theory pleaded or on the theory upon which the judgment was granted, recovery could have been had at law for the conversion of decedent's funds. In any event, it was error to grant judgment on a theory which respondent had not pleaded. Liberality in disregarding technical defects in pleadings does not permit a cause of action to be changed because the plaintiff fails to prove

facts necessary to sustain it or because he has mistaken his remedy and the force and effect of the allegations of his complaint. It is elementary that a recovery must be on the facts pleaded (*Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220, 225). "Where a party has chosen to plead the acts for which he seeks to hold his adversary, he must abide by his allegations unless relieved by amendment" (*McCarthy* v. *Troberg,* 275 App. Div. 139, 142; *Wright* v. *Delafield,* 25 N. Y. 266; *Brightson* v. *Claflin Co.,* 180 N. Y. 76, 81; *Claris* v. *Richards,* 260 N. Y. 419). The judgment should be reversed and a new trial ordered so that respondent may, if so advised, seek to amend her complaint so as to tender properly the issue upon which she seeks recovery.